Baker v. Washington County.

------

## Baker v. Washington County.

1. **Swamp lands: county agents : act of 1862.** While it is competent for the board of supervisors of a county to employ an agent to do the home work in the selection of swamp lands, such as procuring witnesses, taking and preparing proofs showing the swampy character of the land, and the like, it has no power, in view of chapter 160, acts of 1862, to bind the county by the employment of an agent to attend upon the federal departments for the purpose of securing the allowance of the county's claim.

2. —— The provisions of said chapter contemplate that this business at the federal departments is to be transacted by State agents alone, appointed as provided in said act.

*Appeal from Henry District Court.*

FRIDAY, DECEMBER 11.

PLAINTIFF'S case, as shown by his petition, is this: Under and by virtue of certain resolutions of the board of supervisors of Washington county, passed June 8th, 1864, he performed all and singular the services therein contemplated; that is to say, he retook all the required proofs in relation to the swamp lands of the county, to the satisfaction of the board, procuring the necessary witnesses and arranging the necessary blank forms. The taking of these proofs required extraordinary skill. Plaintiff's remuneration was to be as fixed by said resolutions. Upon the proofs thus retaken, the county received land scrip, entitling it to 2,758 98-100 acres, of the value of $3,000; and in cash $3,048.62; of which he is entitled to receive for his services aforesaid, and as their reasonable value, the sum of $1,309.75, which, though requested, has not been paid, etc.

The resolutions recited the rejection of the proofs before that time taken, because of their insufficiency, and the employment of plaintiff to retake the same; that he should be allowed twenty per cent on all the land and cash indemnity proofs " *he shall make and get allowed* by the authorities at Washington," — to be paid when the county should get the money and title to the land. Plaintiff was to use all diligence in taking such proofs and having the claims of the county allowed. If he should make long and unreasonable delays, the county was not to be bound. The answer is substantially in denial — denying the employment, the power of the county authorities to thus employ plaintiff, averring payment, etc.

Trial and judgment for plaintiff in the sum of $1,283.12, and defendant appeals.

*Lewis & Bennett* for the appellant.

*Joshua Tracy* and *McJunkin & Henderson* for the appellee.

WRIGHT, J. — The court instructed the jury substantially as follows:

1. That the resolutions of the board may be considered to determine what the parties regarded plaintiff's services reasonably worth.

2. If plaintiff performed the service at defendant's instance, he is entitled to recover for the value of the same, as shown by the evidence.

3. It was competent for the board to employ plaintiff to perform such services for the use of the county.

4. The board could not make the contract set out in the resolutions; but they are proper evidence to show that the services, if any, were performed at the instance of defendant.

5. Plaintiff cannot recover on the contract set out in said resolutions. So far as they fix his compensation they are void, except as they tend to show how valuable or otherwise his services were expected to be worth, and what they were reasonably worth.

6. If plaintiff at the instance of defendant rendered services and incurred expense connected with these swamp lands, in making lists, taking proofs and the like, then the jury will say what, under the circumstances, is a reasonable compensation for the same. In determining this question it would be competent to look beyond the mere amount of expenses incurred, or the time he was employed in making lists, taking proofs and the like, and to consider what skill and experience he possessed in matters of this kind, as also the value of the results of his labor, services and skill, and the further fact (if it

exists) that, if his services were not successful, he was to have nothing. Other instructions were given, as also some asked by defendant, refused. The foregoing will, however, be sufficient to indicate the law of the case as held by the court below.

It will be observed that plaintiff seeks to recover for the reasonable value of his services, not the contract value. And by these instructions, the jury were expressly told that the board had no power to make the contract set out in the resolutions. Thus far, therefore, there is no disagreement between the parties. For the plaintiff claims, not the value of his services as fixed by the contract, but what is reasonable. And the court having said that there was no power on the part of the supervisors to make such an agreement, defendant could, if there was nothing more in the case, not complain. But just here the disagreement commences, and it is upon other grounds that the reversal is asked.

It is insisted, that the board had no power to employ plaintiff to perform any of the services contemplated by these resolutions, that these proofs could only be attended to, either in their preperation at home, or the presentation and prosecution of the claims at Washington, by a State agent, or if not by one appointed directly and solely by the executive of the State, under the act of 1862, chapter 160, then by one nominated by the board to the governor, and appointed by him for the purpose of expediting the settlement of the claims of the county, as contemplated by section 13, of the same act. Plaintiff, it is clear, was not thus acting. For though the board in November, 1864, passed a resolution recommending him to the governor as a suitable State agent, there was no recommendation that he should be appointed special agent to settle the claims of the county. Nor was he ever thus appointed by the governor. It is true, however, that he

was appointed State agent, and received compensation for his services as such.

Upon this state of facts our opinion is, that it was competent for the board to employ plaintiff to take and prepare the proofs, but that there was no power to engage him to secure the allowance of this claim of the county at Washington. The law contemplates that this business at the federal departments is to be transacted by State agents — those appointed by the governor, whether they are general or acting specially for a county, and we understand it is only these agents who are recognized at Washington. See §§ 1, 2, 7, 12 and 13 of ch. 160, Laws of 1862. The general land office, in all transactions relating to these lands, treats alone with State agents. There, a county agent is not known, and the statute nowhere gives to the counties the power to appoint county agents for this purpose. Indeed, it would be worse than useless to make such appointments, or employ agents for this purpose, as they could not be heard, — could accomplish no good.

1. SWAMP LANDS: county agents: act of 1862.

On the other hand, however, for the home work, such as hunting up witnesses, taking testimony, establishing by proper proofs the swampy character of the lands, we think the board could employ any one deemed competent, and provide for his compensation. The law does not contemplate that these proofs are necessarily to be taken or prepared by a State agent alone. His duties are rather to make settlements with the commissioner at Washington, it being left to the counties to collect and forward the proper proofs, and as it would be competent to employ and compensate a notary or any other officer authorized to administer oaths, for such services, or for taking testimony, so the proper county authorities could contract with any one to do all this work and provide for his compensation, not by giving him a portion of the

lands or scrip, but such per diem or otherwise as might be agreed upon. In the absence of agreement he would he entitled to pay for what his services would be reasonably worth. The law nowhere fixes the compensation of persons thus employed. The provisions of sections 11 and 12 of the act, as to per diem, relate to agents appointed by the State or by the supervisors to receive the money due the county from the State treasury.

And now, having said this much, we are prepared to consider the instructions given to the jury. It will be observed that the resolutions passed by the board contemplate that plaintiff was not only to take the proofs, *but procure the allowance* of the claims of the county by the authorities at Washington. And that the jury were permitted to compensate him for his work before this department, or for procuring the allowance of said claims, it seems to us no one can doubt.

The pleader evidently contemplated the right of the plaintiff to this compensation. The resolutions are clearly based upon this idea. The instructions either recognize the right in terms, or, what would be equally fatal, fail to so put the case to the jury as to prevent such recovery. When they were told that the resolution could be considered to determine " what the parties regarded the services reasonably worth"; that, " if the services were performed at defendant's request," etc.; that " it was competent for the board to employ plaintiff to perform such services for the county "; that, " if plaintiff rendered services and examined persons connected with these lands, or in making lists, taking proofs and the like," and that it was competent to consider " the results of his labors," — we say with all these instructions before them, the jury could not possibly have had any other thought or belief than that plaintiff, if entitled to recover, was to be compensated as well for his labor at Washington as for

procuring proofs, etc., at home. If we add to this the consideration that he was allowed within a few dollars of his entire claim (a claim based upon the terms of the resolutions which allowed him twenty per cent of what he alleges was recovered by him for the county), all room for doubt is entirely removed. And the proposition becomes even more incontrovertible, when, by plaintiff's own testimony as a witness, we find, that, in estimating what his services were reasonably worth, he includes the home work, his labors at Washington, as also the services of an agent employed by him, and his expenses. So that it must be accepted as true, that plaintiff was allowed to recover for his services before the commissioner at Washington. As he was never appointed to this work in the manner contemplated by section 13 of the act of 1862, nor in any other manner known to the law, it follows that he could not recover for such services, and that all of the instructions and proceedings based upon this theory were erroneous. This conclusion is manifest enough when we look at the language of the law itself, its spirit and policy, and is fully supported by *Webster County* v. *Taylor*, 19 Iowa, 122. Indeed, no other rule could be adopted consistent with the limited powers of the board. And experience but serves to demonstrate that every attempt to defeat the law by allowing unwarranted and exorbitant compensation in connection with these lands should be met and unhesitatingly checked.

We need hardly remark, that, as the board had no power to employ plaintiff to secure the allowance of the claims at Washington, the instructions would be clearly erroneous in those parts which allowed the jury to look at the contract for the purpose of seeing "how valuable or otherwise his services were expected to be worth." The contract was made under a mistaken view of the powers of the county board, and, as a consequence, can

serve no other purpose than to show the fact of employment to the extent authorized by law.

Reversed.

BECK, J. (dissenting).—I cannot concur in the foregoing decision. In my opinion, it cannot be fairly inferred, from the language of the instructions, that the court intended to direct the jury to find in favor of plaintiff for services rendered before departments of the government at Washington. The instructions taken together, in the light of the pleadings and evidence, appear to me clearly to limit the liability of the defendant for services rendered in taking proofs, and for other like services in the county.

The petition makes no claim for any other services. It does not appear that defendanc's counsel in the court below did, during the trial, or at any time since, suppose that any claim was made, or any recovery was had, for any other services ; and it is only by a construction of the language of the instructions that such a conclusion is arrived at, a construction which, in my opinion, is unwarranted by their express language. I have great doubts as to plaintiff's right to recover, except as an agent appointed under the act of April 8th, 1862, and for the compensation therein fixed. This doubt would ripen into conviction were it in accordance with the opinion of my brothers, and I would, in that case, consent upon that ground to a reversal of the cause. But if the position of my brothers be true, that plaintiff can recover for services rendered in the county in taking proofs under the employment of the supervisors, I am clearly of the opinion that the judgment of the District Court should be affirmed.