## THE STATE v. HUTCHINSON.

1. **Venue**: CHANGE OF IN CRIMINAL CASES. The action of the District Court in overruling an application for a change of venue in a criminal prosecution, will not be disturbed unless it satisfactorily appears that there has been an abuse of discretion.

2. —— RULE APPLIED. In a prosecution for a mere misdemeanor, consisting in a violation of the liquor law, the defendant filed an application for a change of venue, based upon the ground of excitement and prejudice against him in the county, and stating that the same excitement and prejudice existed in three other counties named. Forty-six persons signed an affidavit that they believed that the defendant could not obtain a fair and impartial trial in the counties named. Thirty-four persons signed a counter affidavit, denying the existence of prejudice, etc. The court overruled the application. *Held*, that there was no error in the ruling.

*Appeal from Delaware District Court.*

WEDNESDAY, JUNE 9.

PRACTICE: CHANGE OF VENUE IN CRIMINAL CASES. — The defendant, on an information filed before a justice of the

peace for a violation ·of the liquor law (§ 1562 of the Revision), was tried by a jury, convicted, and fined twenty dollars. He appealed to the District Court, and there applied for a change of venue. The affidavit made by him in support of this application, states " that he cannot receive a fair and impartial trial, owing to the excitement and prejudice against him in the said county of Delaware ; and this deponent further says, that the same excitement and prejudice exist against him in the counties of Buchanan, Black Hawk and Grundy, and that he cannot obtain a fair and impartial trial in said counties."

Forty-six persons signed an affidavit that " they believe that the said defendant cannot obtain a fair and impartial trial in the said counties," named in the defendant's affidavit.

Thirty-four persons united in a counter-affidavit, stating their means of knowledge, and denying the existence of any prejudice or excitement against the defendant.

The District Court overruled the motion for the change of venue, and this is the only error assigned by the de fendant, who appeals.

*Ray B. Griffin* and *Shubael P. Adams* for the appellant

*Henry O' Connor, Att'y Gen'l,* for the State.

DILLON, Ch. J. — The existing statute on this subject of change of venue in criminal cases (Rev. ch. 208), after providing that affidavits and counter affidavits may be filed, makes it the duty of " the court, in the exercise of a *sound discretion,* to decide the matter according to the very right of it." § 4733. This statute, in terms, invests the court with a discretionary power, which, however, is not to be arbitrarily or oppressively exercised, but exercised, when the court is fully advised, according to the

dictates of right and justice. This statute has been frequently construed, and the rule adopted that this court will not interfere with the action of the District Court unless it satisfactorily appears that there has been an abuse of its discretion. *State* v. *Baldy*, 17 Iowa, 39 ; *State* v. *Ostrander*, 18 id. 435 ; *State* v. *Ingalls*, 17 id. 8 ; *State* v. *Arnold*, 12 id. 479 ; and see *Gordon* v. *State*, 3 id. 410.

In the case at the bar the ground of the application is " excitement and prejudice in the county against the defendant." The charge was a mere misdemeanor, and one in its nature not calculated to inflame the passions or excite the prejudice of the community against him. The statement of the defendant that the people of four counties were so prejudiced against *him* that he could not receive therein a fair and impartial trial, is on its face improbable. No facts were shown rendering it probable. To send such causes on such a showing to a distant county would not be to promote the administration of justice, would not be to decide the application according to the " very right " of the matter.

Affirmed.