## THE STATE v. BEVANS.

1. **Criminal law:** INDICTMENT : FOR OPPRESSION IN OFFICE. Indictment for oppression in office in substantially the following form : " For that the said defendant did, by color of his office as constable of, etc., willfully and corruptly oppress one Josephine Snider by extorting large sums of money from her under pretense of having an order of court to obtain the said money, when in truth and fact the said defendant had no order of court nor authority, but did willfully and corruptly obtain said money by false and fraudulent representations of his authority and character as said officer, contrary to the statute," etc. *Held*, that the indictment sufficiently charged an offense.

2. —— A constable may, under section 4299 of the Revision, be guilty of oppression in office. The offense is not confined to judicial officers.

3. **Constable:** IS TOWNSHIP OFFICER. While, for some purposes, a constable is considered a county officer, he is, nevertheless, to be generally classed as a township officer.

*Appeal from Henry District Court.*

WEDNESDAY, OCTOBER 8.

THE defendant was indicted for oppression in office, for that he " did by color of his office as a constable of Center township * * * willfully and corruptly oppress one Josephine Snider under pretense of acting in his official capacity as said officer. Second count: That M. T. Bevans on the 1st day of January, 1870, at * * * did by color of his office as constable of Center township at * * * willfully and corruptly oppress one Josephine Snider, by extorting large sums of money from her under pretense of having an order of court to obtain the said money, when, in truth and fact, the said Bevans had no order of court, nor authority, but did willfully and corruptly obtain said money by false and fraudulent representations of his authority and character as said officer ; contrary to * * * "

The defendant demurred to the indictment because it failed to show any crime ; it averred an impossible crime ; the crime charged could not be committed by a constable, but only by a judge; it does not charge but only implies that defendant was constable ; it charges several offenses; it does not specify the facts constituting the offense, and is wholly insufficient. This demurrer was overruled. A motion was made for a change of venue and overruled. The defendant pleaded not guilty, and on a trial to a jury was found guilty and sentenced to confinement in the county jail 20 days and to pay a fine of $1.

The defendant appeals.

*Palmer & Bereman* for the appellant.

*M. E. Cutts*, attorney-general, for the State.

COLE, J.— The demurrer was properly overruled. The grounds of the demurrer are here argued collectively. Perhaps we cannot more succinctly or satisfactorily dispose of the numer-

ous questions made by it, than by stating, that it appears to us to show a crime possible to be committed by a constable whose official character is stated, together with the facts constituting a single offense, and is therefore sufficient. A little more in detail we may state, that the bill of rights, sec. 11, of our constitution, which declares that "no person shall be held to answer for any higher criminal offense unless on presentment or indictment by a grand jury   *   *   *" does not limit the power of our legislature to prescribe the forms and constituent elements of an indictment; and although an indictment may not conform in every particular to the requirements of the common law, yet it may be good and sufficient under our statute and the constitution. Although a constable is to be considered as a county officer under the provisions of a certain act (Rev., § 478 of act approved March 23, 1858), yet he is a township officer and is so classed in the statutes (Rev., ch. 30; see §§ 451–2.)

The verdict finds a sufficient support upon the whole evidence; although, in view of the rule that a reasonable doubt as to guilt justifies an acquittal, we should have been quite as well satisfied with that result.

The instructions of the court were as liberal to defendant as the law would justify. Those asked by the defendant, and not given, were in effect given, and in language quite as favorable to the defendant, in the instructions given by the court. It is not necessary to copy them herein, simply to illustrate the fact, which is very manifest upon the reading.

No abuse of discretion is shown, in overruling the motion for a change of venue. *The State* v. *Hutchinson*, 27 Iowa, 212, and cases there cited.

Affirmed.