BAKER v. JOHNSON COUNTY.

1. **Statute of Limitations:** SWAMP LAND AGENT. The board of supervisors employed an agent to procure and furnish proof of the character of its swamp lands and secure compensation therefor from the general government: *Held*, that his cause of action against the county for services accrued, not at the time when the county received its scrip, but at the time of the completion of his work under the contract and that his right of action was barred in five years from that time.

*Appeal from Iowa Circuit Court.*

SATURDAY, JUNE 17.

ACTION for the recovery of compensation as swamp land agent under an oral contract with the defendant. There was trial by jury, verdict and judgment for the plaintiff, and the defendant appeals. The facts necessary to an understanding of the case appear in the opinion.

*Boal & Jackson*, for appellant.

*Cornell Brothers*, for appellee.

ROTHROCK, J.—This cause has already been twice before this court. See 33 Iowa, 151, and 37 Iowa, 186.

The action on the first appeal was based on what was claimed to be a written contract, and this court held that there was no sufficient evidence to establish a contract of that character, and that the cause of action accrued on the 16th day of October, 1861, and was barred by the statute of limitations. The cause being remanded was again tried and appealed; and it was then determined that there was no sufficient evidence of a written contract, and the cause was again reversed and remanded for a new trial.

We now have presented the third appeal. For a full statement of the facts of the case, see the cases above cited. This last trial in the court below was based on what was claimed to be an oral contract, and the plaintiff relied on the resolutions of the board of supervisors, and the negotiations of the parties, including a written proposition of the plaintiff,

to the board and the testimony of plaintiff as showing that the cause of action did in fact accrue within five years prior to the commencement of the suit.

In the former appeals it seems to have been conceded that the cause of action accrued at the time plaintiff completed the proofs of the swampy character of the lands and forwarded them to the land department at Washington. In this appeal it is claimed that the cause of action did not accrue until the county received the money and scrip.

The resolutions of the board which were passed on the 6th day of June, 1861, are as follows:

"1. The report of the committee on swamp lands, presented June 5, was taken from the table; the committee recommend that some suitable agent be appointed to take the requisite proof as soon as possible.

"2. *Resolved*, That the agent elected to secure compensation for the swamp lands in Johnson county from the general government, be allowed in payment for such service five per cent of the money, and five per cent of the scrip thus recovered."

And thereupon the board elected the plaintiff swamp land agent.

The plaintiff introduced in evidence as part of the negotiations, his offer to secure the swamp lands for the county. This will be found in full in *Baker v. Johnson County*, 37 Iowa, 178.

It seems to be conceded by both parties that the plaintiff was not to take scrip in kind, but that he was to have five per cent in value thereof, estimated at $1.25 per acre.

The plaintiff in his testimony states that he commenced work in June, 1861, and finished taking all the proofs on the 18th day of November, 1861. The scrip was allowed sometime in 1864, and the cash part of the claim in May, 1865. The scrip was sent to the county in the fall of 1864, and the money was actually received by the county June 10, 1865. He further testifies, "the duties to be performed under my contract were, the taking of proofs of the swampy character of the land under instructions from the department at Washington. My duties did not cease until October, 1865." This

is the substance of all the evidence as to the employment, and the terms thereof. This suit was commenced on the 4th day of June, 1870.

Taking all the evidence together, we are satisfied that the plaintiff's entire cause of action accorued in the month of May, 1865, more than five years before the commencement of the suit. At that time the entire amount due the county had been allowed, and this suit could have been rightfully commenced. It is unnecessary to elaborate this thought. Reference to the proposition of the plaintiff, the resolutions of the board, and the testimony of plaintiff fully sustain the proposition.

**1. STATUTE of limitations: swamp lands: agent.**

In *Baker v. Washington County*, 26 Iowa, 148, it is held that the county had no power to employ an agent to attend upon the Federal departments for the purpose of securing the allowance of the county's claim; but that it was competent for the board to employ an agent to do the home work in the selection of swamp lands, such as procuring witnesses, taking and preparing proofs and the like.

This the plaintiff states in his testimony was completed in 1861, and any further acts extending to 1865 must have been aside from his contract, and cannot be held as fixing the time when his cause of action accrued against the county within the meaning of the statute of limitations. As his employment only contemplated this home work, we hold that his cause of action was barred in five years after the allowance of the claims, or the determination of the amount. As the court below refused an instruction based on this idea and gave instructions to the contrary, the judgment will be reversed. The other errors complained of need not be noticed.

REVERSED.