## ELLIOTT v. JONES.

1. **Judgment:** SUMMARY PROCEEDINGS TO COMPEL PAYMENT OF MONEY: COLLATERAL SECURITY. In an action of divorce, it was adjudged that certain money in the hands of a third party should be paid into court, and payment thereof should then be made to the defendant; the money having been paid to the clerk, he paid a part only to the defendant, refusing to pay the balance on the ground that it belonged to the plaintiff. The defendant then filed a motion, under chapter 13, title 17 of the Code, to compel the payment of the money in accordance with the decree of the court; Held,

    1. That the payment of the money to the clerk by the third party deprived the latter of the right to object that he had no notice of the action in which the decree was rendered.

    2. That if the judgment were invalid, it could not be attacked by answer and cross-bill in a proceeding to compel the clerk to pay the money in accordance with the decree.

*Appeal from Marshall District Court.*

SATURDAY, OCTOBER 20.

THIS is a summary proceeding brought against defendant, who is the clerk of the District Court, under Code, title 17,

chapter 13, to compel him to pay to plaintiff certain money received upon a judgment in his favor. The proceeding, as required by the statute cited, is a motion, and was submitted to the court in compliance with rules prescribed in such case. The District Court overruled the motion, and costs were adjudged against plaintiff; from this ruling and judgment he appeals. The facts of the case appear in the opinion.

*J. C. Wyllis*, for appellant.

*M. T. Whitney* and *Caswell & Meeker*, for appellee.

BECK, J.—I. The facts of the case, as disclosed by the abstract of appellant and the amended abstract of appellee, are as follows:

1. In an action for divorce, wherein Matilda Elliott was plaintiff and John C. Elliott, plaintiff in this case, was defendant, a decree divorcing the parties was rendered by the District Court of Marshall county at the November term, 1874. The property of the parties was ordered to be divided equally between them, and a referee was appointed to make the division.

2. At the April term, 1875, the report of the referee having been filed, a decree thereon was entered. Neither the decree nor report of the referee is found in either the abstract or amended abstract.

3. At the November term, 1875, upon motion of defendant, the decree rendered at the April term was modified. Among other matters contained in this amended decree, the following appears: "And in accordance with the provision of the said referee's report [approved and confirmed in a prior part of the decree], it is hereby ordered and adjudged that the defendant, John C. Elliott, is entitled to and is hereby adjudged the sum of $51 of the principal of the moneys of the parties in the hands of James F. Dwiggins, and also one-half the interest paid or to be paid, or that has accrued upon the said moneys of these parties while the same was held by, and in the hands of Dwiggins, it appearing by said referee's report that the whole of said interest amounts to the sum of $344.93,

one-half of which said sum, according to said referee's report, belongs to the said John C. Elliott, to-wit: the sum of $172.46 of the interest earned by the said moneys of these parties in the hands of said James Dwiggins. And it is further ordered and adjudged that said defendant recover and receive from said James F. Dwiggins the sum of $51 principal, and $172.46 interest money, as aforesaid, according to said report, and when the same is paid by said Dwiggins, so much of the note and obligations given by said Dwiggins be and the same is, by virtue of such payment when made and receipted by said John C. Elliott or his attorney, canceled and barred and discharged, and the said James F. Dwiggins is now hereby ordered to make payment of the aforesaid sum of money to defendant John C. Elliott, or to his attorney, accordingly."

4. Dwiggins made payment of $200 on the foregoing order or judgment against him. The payment was made by a remittance, accompanied by the following letter:

"February 3, 1876.

"*Clerk of the Court, Marshall County, Iowa:*—Enclosed please find draft for $200, with which I wish to pay judgment obtained against me in case of *Elliott v. Elliott*, this being the entire amount of funds in my hands belonging to either of the parties to said suit. Please cancel judgment so far as I am concerned, and send me receipt for amount. Yours truly,

· J. F. DWIGGINS."

5. The defendant refused to pay over the whole of this money to plaintiff upon demand. He offered to pay $51 to plaintiff, as the amount to which he was entitled. The balance he applied, as we understand the abstracts, to the benefit of the plaintiff in the divorce suit.

6. The plaintiff herein made his motion for a summary order requiring defendant to pay him the whole amount of the $200 except $15, which he concedes defendant may apply on the costs.

7. The defendant admits that the proceeding is authorized by title 17, chapter 13 of the Code, if plaintiff is in law entitled to the money.

8. The defendant, uniting with the plaintiff in the divorce suit, files an answer and a cross petition, alleging that the last decree modifying the one first entered (the decree above copied), was obtained by fraud, and prays that it may be modified to conform to the original report of the referee. Affidavits are filed, showing that the modifying decree was entered upon the procurement of the attorney of defendant in the divorce action, and it is claimed to be fraudulent for that reason, and void because Dwiggins was not a party to the action, and not served with process.

9. The order and judgment of the court upon plaintiff's motion make no disposition of the cross-petition, and the abstracts fail to show any action thereon. The final judgment simply overrules plaintiff's motion.

II. No question is raised involving the correctness of the amount of the payment by Dwiggins, and the rights of the parties in view of the fact that it is not equal to the sum he was adjudged to pay. The simple question is this: Was plaintiff entitled, under the decree of the court, to the money paid by Dwiggins? If the adjudication of the court be valid, the rights of plaintiff to the money cannot be doubted. As between the parties to the action, the plaintiff and defendant in the divorce suit, the judgment must be regarded as valid until set aside.

1. JUDGMENT: summary proceedings to compel payment of money: collateral attack.

But it is urged that Dwiggins was not a party to that suit, and had no notice thereof, and the judgment therefore is void as to him.

The sufficient answer to this is that Dwiggins raises no such defense to the judgment, but voluntarily paid the money to the clerk. He submits to or acquiesces in the judgment. The money paid by him he is not claiming, and cannot claim, for it was paid by him to be applied as provided by the judgment. The question is of no interest whether the judgment (if it be one), is valid as against him. He has responded to its requirements, and the money is in the hands of the clerk to be disposed of, as between the parties, by an adjudication that, as to them, cannot be claimed to be invalid. That judgment plainly requires the money to be paid to plaintiff.

III.  If any ground exists for setting the judgment aside, it cannot be done as proposed in defendant's cross-petition. The proceeding instituted by plaintiff is summary in its character, and must be tried in a summary way.  The question of the validity of the judgment cannot be disposed of in a like manner; an action to set aside the judgment, therefore, cannot be united with the summary proceeding to hold defendant liable for the non-payment of money received by him upon the judgment.

The judgment, while it remains unreversed and in force, cannot be questioned.  It surely cannot be impeached, when rights are claimed under it, by the clerk alleging irregularity in the proceedings, or want of jurisdiction of the court rendering it.

Much has been said in argument as to the facts of the case which are not disclosed by the abstracts.  These matters have received no attention from us.  The statement of facts by counsel outside of the record can have no influence in the decision of the case.  They accomplish no other purpose than the annoyance of the court and the imposition of labor and cost upon the party making them.

It is our opinion that the record shows that plaintiff is entitled to the money in controversy, and that it is the duty of the clerk to pay it to him.  The judgment of the District Court is, therefore,

REVERSED.

A motion of appellant to strike an amended abstract filed by the appellee, which was submitted to us with the case, need not be passed upon, as we reverse the decision of the court below.  This amended abstract was considered in determining the case; the appellee, therefore, has no ground of complaint.