Fairburn v. Goldsmith.

FAIRBURN v. GOLDSMITH ET AL.

1. **Appeal:** FILING OF TRANSCRIPT: PRACTICE IN THE SUPREME COURT. An appeal must be taken within six months after the rendition of the judgment or order appealed from, but it is not required that it shall be perfected by the filing of a transcript in the Supreme Court within that time.

2. ———: ———: ———. Where good faith is shown by the appellant his appeal will not be dismissed for a failure to file a transcript until after he has had timely notice that one will be required by the appellee.

*Appeal from Sac Circuit Court.*

WEDNESDAY, JUNE 15.

BY THE COURT. A motion has been made to dismiss this appeal because no transcript has been filed and the appeal 1. APPEAL: filing of transcript: practice in the supreme court. was not taken and perfected within six months after the rendition of the judgment. Appeals must be taken within six months after the rendition of the judgment or order appealed from. Code, § 3173.

An appeal is taken by the service of a notice in writing on the adverse party, his agent or attorney.   Code, § 3178.

The notice in this case was served as above provided within six months after the rendition of the judgment.   But it is said this is not sufficient, and that the appeal must be perfected within six months after the judgment.   It is further said this cannot be regarded as having been done until the "clerk has been paid or secured his fees for a transcript." Code, § 3179;  *Loomis v. McKenzie, post.*   It seems to us a distinction is recognized by the statute between an appeal and a perfected appeal.   The appeal must be taken in the time by the service of the notices required by the statute, and there is no provision fixing a time when it must be perfected by paying or securing the fees of the clerk for a transcript.

Where the fees of the clerk are so paid or secured the clerk must forthwith forward the transcript to the clerk of this court.   Code, § 3179.   If appellant fails to file a transcript and have the case docketed so that it may be heard in this court at the time appellee is entitled to have the same tried, and appellant fails to show a sufficient excuse for his failure, the appellee may have the appeal dismissed or the judgment affirmed.   Code, § 3181. But no appeal shall be dismissed or the judgment affirmed because the cause has not been docketed or transcript filed in the Supreme Court, if it be made to appear that the appeal was taken in good faith and not for delay, or if from conduct of appellee or his counsel appellant was induced to believe no motion to dismiss or affirm would be made.   Miller's Code, § 783.   It has been uniformly held under the foregoing statute that the preparation of an abstract, filing the same in this court, and having the cause docketed, was evidence of good faith, and that when this was done we would not dismiss the appeal or affirm the judgment.   At the same time if a transscript has not been waived one must be furnished if the appellee so insists, but time will be given to do so unless the

appellant or his counsel have had notice one would be required, and through negligence has failed to furnish it.

In this case it appears one of the appellees notified his counsel not to make any concessions or agreements in relation to the appeal without advising him. It also appears that one of said counsel gave counsel for appellant to understand no transcript would be required. It does not appear that counsel for appellant had any knowledge of the instructions given by appellee to his counsel, and therefore counsel for appellant had the right to believe no transcript would be required. Therefore it cannot be said appellant has been negligent. The motion must be overruled and time given to procure a transcript if appellees still desire one.