Malcomsen v. Graham.

---

MALCOMSEN *et al.* v. GRAHAM *et al.*

1.  **Appeal:** PRACTICE : NOTICE : SERVICE ON CLERK : PROOF : NOTICE LOST : CORRECTION OF RECORD : WAIVER. A failure to have the transcript show a service of the notice of appeal upon the clerk of the trial court is not of itself sufficient to defeat the appeal, where the appellant shows by affidavit that the notice was in fact served on the clerk, but that the notice itself, with the proof of such service, has been lost from the records below. In that case he may have a continuance for the purpose of perfecting the record in the trial court. ( *Gardner v. Burlington, C. R. & N. Ry. Co.*, 68 Iowa, 589 ). Where, however, the abstract recites that the notice was duly served on the clerk, and the appellee does not ask to have the lost notice restored, and does not object to the competency of the evidence offered in this court to show the fact of service, the cause may be submitted on its merits.

Malcomsen v. Graham.

2. **Will:** VALIDITY: UNDUE INFLUENCE: EVIDENCE. The decedent in this case, in disposing of his property by will, gave nearly all of it to a friend and his sons, giving to only one of his relatives any considerable portion, and to others of them only nominal sums. The will was made at the house of the friend, where the decedent had been taken at his own request, and where he died three days afterwards. The relatives sought to set aside the probate of the will on account of the alleged weakness of the decedent's mind at the time it was executed, and the undue influence of the friend upon him ; but, upon consideration of the evidence ( see opinion ), *held* that the allegations of the petition were not sustained.

*Appeal from Jasper District Court.*—Hon. D. RYAN, Judge.

FILED, SEPTEMBER 6, 1888.

THIS is an action in equity to set aside the probate of a will, and to enjoin the sale of property by the executor. The district court dismissed the petition, and rendered judgment in favor of defendants for costs. Plaintiffs appeal.

*Winslow & Varnum*, for appellants.

*Clements & Ward*, for appellees.

ROBINSON, J.—I.   Appellees have filed a motion to dismiss the appeal on the alleged ground that no notice of appeal was ever served on the clerk of 1. APPEAL: practice : notice : service on clerk: proof : notice lost : correction of record : waiver. the district court. This motion is based upon the fact that no notice of appeal showing such service is now on file in the clerk's office. It is contended by appellants that such notice was in fact served upon the clerk, and duly filed by him, but is now lost. This claim is supported by affidavits which, if competent, show the facts to be as alleged by appellants. The question presented for our determination is whether or not an appeal has been taken and so far perfected as to permit us to retain the case for   decision on its merits. "An appeal is taken by the service of a notice in writing on

the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and also upon the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining the part." Code, sec. 3178. The statute recognizes a distinction between taking and perfecting an appeal. *Fairburn v. Goldsmith*, 56 Iowa, 347. Section 3214 of the Code provides that "the original notice of appeal must be returned immediately after service to the office of the clerk of the district court where the suit is pending." But the taking of the appeal is not made to depend upon the return of the notice to the office of the clerk. That such a return is important to preserve the notice and the return of service, to inform the clerk and all persons who are or may become interested in the case of its condition, and to enable the clerk to make a transcript which shall show that an appeal has been taken, will not be denied. It was evidently the purpose of the statute to require the records of the trial court to show when an appeal is taken; and section 98 of the rules of this court requires the abstract of the record to show that a notice of appeal has been served upon the appellee and upon the clerk. *Plummer v. Peoples' Nat. Bank*, 74 Iowa, 731. Section 12 of the rules requires the clerk to append to the transcript copies of the notices of appeal, and requires controversies as to the record to be determined by reference to the transcript. The failure of the transcript to show a notice of appeal served on the clerk is, therefore, *prima-facie* evidence that none has been served, and, in the absence of any further showing, would authorize us to sustain the motion to dismiss the appeal. But appellants have made such a showing as to entitle them to a continuance for the purpose of having the lost record restored in the district court, if the case cannot otherwise be submitted on its merits; hence the motion to dismiss must be overruled. It is based upon the idea that a failure to have the transcript show a service of notice on the clerk is of itself sufficient to defeat the appeal. In our opinion this is not the case.

It is usual to have defects in the original records corrected in the court below. *Gardner v. Burlington, C. R. & N. Ry. Co.*, 68 Iowa, 589. But it is competent for the parties to waive such correction, and to proceed in this court without it. The abstract recites that notice of appeal was duly served on the defendants and the clerk. We do not understand that appellees ask to have the lost record restored, nor that they object to the competency of the evidence offered in this court to show the fact of service, if the defect in the transcript is not fatal to the appeal. The cause will therefore be considered on its merits.

II. The plaintiffs are heirs of one Jacob Scott, deceased. On the twenty-ninth day of March, 1886, Scott made the will in controversy, and on the first day of the next month he died. The will bequeathed to each of the plaintiffs but one a nominal sum of money; to defendants Mary A. Ackerson, William E. Graham and John T. Graham the sum of five hundred dollars each; and to defendant C. R. Graham the portion of the estate remaining after the payment of funeral expenses, debts and bequests. C. R. Graham was also appointed executor. Plaintiffs claim that the will was not the free and voluntary act of decedent, but that it was procured by the undue influence of C. R. Graham. It appears that the estate of decedent amounted to about thirty-five hundred dollars in value, and that Mrs. Ackerson is the only relative to whom the will gives any substantial portion of it. The alleged facts upon which appellants rely are that decedent had been on intimate terms with C. R. Graham for many years and had great confidence in his judgment; that he was taken to the house of Graham only about nine days before his death, and gave to Graham and two of his sons the greater part of his property; that he had been sick and weak in body for many months, and was the victim of a secret vice, which affected his mind; that when the will was made he was weak in mind and body, and controlled by Graham; that the provisions of the will

are grossly unfair, in that all relatives but one are prac-
tically ignored for the benefit of persons who were not
related to him, and to whom he was under no obligation ;
that the will was contrary to decedent's intentions and
ideas of right, as expressed a short time before his death,
and that its execution was kept a secret until after his
death.   The evidence satisfies us that decedent was pos-
sessed of a clear and vigorous mind at the
2. WILL: valid-
ity: undue    time he made the will in question, and that it
influence:
evidence.     represents his desires as to the disposition of
property.   But one witness testifies to the alleged secret
vice, and his testimony as to that is so thoroughly
rebutted as to practically destroy the value of all his
testimony.   The same witness testified that decedent
had declared his purpose to be to leave his property to
his sister, Mrs. Malcomsen, and her son ; but he is not
corroborated in this.   The disease of which Scott died was
consumption, and, while it made him weak physically,
it left his mind clear and strong when the will was made.
At that time he gave to the subscribing witnesses quite
an extended account of his family matters, and men-
tioned reasons for making his will as it was executed.
No one was present at the time but the lawyer who drew
it and a physician.   In answer to a question, Scott said
that C. R. Graham had never spoken to him directly or
indirectly about the disposition of his property ; that
the matter was never mentioned but once, when he told
Graham that he proposed to remember Graham's boys
for their kindness to him.   It is shown that Scott desired
to be taken to Graham's house for the sake of better
accommodations than his sister gave him.   He had long
before his death expressed an intention not to leave his
property to relatives ; and the reasons he gave to the wit-
nesses to the will for not leaving it to them, if not wholly
sufficient, when considered from the standpoint of jus-
tice, were at least not so immaterial as to show a want of
capacity to make a valid disposition of his property.

The fact that he had expressed disapproval of the
will of a woman who had left her property to Graham,
and had said that Graham did not need the property,

and that it would have been better had it been left to those who needed it more, is relied upon by appellants. The woman had a husband, and her circumstances were different from those of Scott. His disapproval of her will is entitled to but little weight. He had previously expressed an intention not to leave his property to relatives, and had manifested a positive dislike for some of them. He seems to have been under more obligations to the Grahams than to any one else, excepting his relatives. He is not shown to have been under Graham's control, nor much under his influence.

Many authorities are cited by counsel, but in our opinion the only question to determine is one of fact; and the evidence preponderates so largely in favor of appellees that we do not regard the question as a close one. We think the appellants have wholly failed to sustain their petition.

AFFIRMED.