Ryan v. Heenan.

RYAN v. HEENAN.

1. **Appeal:** KIND OF PROCEEDINGS. Where a cause has been tried as in equity in the lower court it will be so tried in this court on appeal. ( Compare *Fritzler v. Robinson,* 70 Iowa, 501.)

2. **Attachment:** DISCHARGE ON PETITION OF THIRD PARTY: APPEAL: TIME. Where attached property is ordered discharged upon the petition of a third party claiming it, under section 3016 of the Code, the plaintiff, in order to prevent the operation of the order, must perfect his appeal within two days thereafter, as provided by section 3019 of the Code; otherwise the property will be discharged by operation of law.

3. **Estoppel:** BY JUDGMENT. One who has been made a party to a proceeding, but as to whom it has been dismissed before judgment, is not bound by the judgment.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, JANUARY 22, 1889.

APPEAL from an order for the sale of attached property.

*Sheean & McCarn*, for appellant.

*J. W. Jamison*, for appellee.

ROBINSON, J.—On the third day of April, 1885, plaintiff commenced an action against J. C. Campbell, which was aided by attachment, to recover the amount due on a foreign judgment. On the next day the writ of attachment was levied upon seventy shares of the capital stock of the Olin Tile & Brick Company, as the property of Campbell. On the ninth day of May, 1885, D. Heenan presented to the court below his petition, under section 3016 of the Code, claiming to be the owner of the attached stock by virtue of a purchase made by him from Campbell on or about January 1, 1885. On the eleventh day of December, 1885, a trial was had to the court on the petition of Heenan. The court found that the stock had been purchased by Heenan as claimed, but that it had not been transferred to him on the books of the company at the time of the levy. Nevertheless an order was made discharging the stock from the levy of the attachment. That order was reversed on appeal to this court, and the cause was remanded for further proceedings. 71 Iowa, 760. Campbell was served with notice by publication, but made default. May 13, 1886, an entry was made on the records of the district court, dismissing the action against Campbell on the ground that the attached property had been released, and the attachment dissolved. That entry was corrected subsequently, in a proceeding instituted for that purpose, to show that the action was not dismissed, and that the lien was reinstated as against Campbell. After the

reversal by this court of the order discharging the attachment, the action against Campbell and the cause on Heenan's petition were tried together to the court. The trial resulted in a judgment in favor of plaintiff, and against Campbell, for $626.21, and costs, and an order for the sale of the stock claimed by Heenan. From that order Heenan appeals.

I. There is a controversy between the parties to this appeal as to whether is to be treated as an action at law or in equity. The evidence appears to have been in writing, certified by the judge of the court below. His certificate shows that the cause was tried as in equity, and it must be so tried here. *Fritzler v. Robinson*, 70 Iowa, 501.

1. APPEAL: kind of proceedings.

II. The order discharging the attachment of the stock claimed by appellant, subsequently reversed by this court, was made on the twenty-fourth day of December, 1885. The plaintiff did not at that time announce his purpose to appeal from such order, and did not perfect his appeal therefrom until seven days after it was made. It is now insisted by appellant that the omission of plaintiff to give notice of his intention to appeal, and his failure to perfect an appeal within two days, as provided by section 3019 of the Code, operated to discharge the attachment, notwithstanding the fact that the order was reversed. Appellee contends that the section specified has no application to orders made in proceedings instituted under the provision of section 3016. It is true that the remedy of a third person claiming a lien upon or interest in the attached property is not by motion to discharge the attachment. *Tidrick v. Sulgrove*, 38 Iowa, 340. But we find nothing in the Code which limits the application of section 3019 to cases where the attachment is dissolved on motion. Its provisions are general, being limited only to cases "where an attachment has been discharged." Attachments may be discharged on motion or by final judgment in the original action, or they may be discharged pursuant to the provision of section 3016. That section was

2. ATTACHMENT: discharge on petition of third party: appeal: time.

designed to afford to strangers to the original action a summary method of having their claims to the attached property determined. *Sperry v. Ethridge*, 70 Iowa, 29 ; *Howe v. Jones*, 57 Iowa, 135. Section 3019 was designed to prevent the holding of the attached property for an unnecessary length of time. Hence the plaintiff is required to announce his intention to appeal when the order discharging the attachment is made, and to perfect his appeal within two days thereafter, and if he fail to do so the attachment is discharged by operation of law. *Harger v. Spofford*, 44 Iowa, 370. The reasons for the speedy determination of the validity of an attachment dissolved on motion apply with at least as much force to cases where it is dissolved in consequence of the finding of a court that the attached property belongs to a person who is not a party to the action, and against whom the plaintiff makes no claim.

III. It seems to be claimed by appellee that the right of appellant to raise the question as to the discharge

3. ESTOPPEL : by judgment. of the attachment now urged, was, in some manner, adjudicated in the equitable proceedings which were instituted to correct the entry of May 13, 1886. We do not think the claim is well founded. Appellant was made a party to that proceeding, but it was afterwards dismissed as to him, and he was not a party to the decree rendered. He is not, therefore, estopped from asserting his rights in this proceeding. The judgment of the district court is

REVERSED.