CHARLES L. PETERSON, Appellee, v. S. D. HAYS *et al.,*
Defendants, JOHN W. H. GRIFFIN, Clerk, and
H. B. NELSON, Appellant.

1. **Officers:** CLERK OF DISTRICT COURT: PAYMENT OF MONEY COLLECTED: JURISDICTION. The district court has jurisdiction, under section 2906 of the Code, to make a final order, in summary proceedings by motion against the clerk of said court, requiring the payment of moneys coming into his hands as such officer to the persons entitled thereto.

2. **Attachment:** APPEAL FROM ORDER DISCHARGING ATTACHED PROPERTY: FEES FOR TRANSCRIPT. Under sections 3019 and 3020 of the code requiring an appeal from a judgment against an attachment plaintiff and discharge of the attached property to be taken within two days thereafter, the service of a notice of appeal and filing of a *supersedeas* bond within the prescribed time will be ineffectual, if the clerk of the district court has not been paid or secured his fees for a transcript.

*Appeal from Monroe District Court.*—HON. H. C.
TRAVERSE, Judge.

TUESDAY, MAY 10, 1892.

THIS appeal is from an order requiring the clerk of the district court to pay to the plaintiff certain money.—*Affirmed*.

*Haskell & Greer* and *Liston McMillan*, for appellant.

*J. C. Mabry*, *Ed. Morrison* and *H. L. Dashiell*, for appellee.

ROBINSON, C. J.—In the year 1886 the plaintiff, Peterson, recovered in the district court of Monroe county, against the defendant, Hays, and another, judgment for the sum of eight hundred and twelve dollars and twenty-three cents. Afterwards there was paid to Griffin, as clerk of that court, to apply on the judgment a sum sufficient to pay the costs and leave a remainder of six hundred and eighty-four dollars and sixty-five cents. In March, 1888, suit was brought in the same court by Nelson against Peterson to recover money alleged to be due. A writ of attachment was issued in the suit, and the clerk was garnished as a supposed debtor of Peterson on account of the money which was then in his hands. On the twenty-sixth day of October, 1889, judgment was rendered in that suit in favor of Peterson on the attachment bond, and discharging the attachment, and releasing the attached property. When the attachment was so discharged, Nelson did not announce his intention to appeal from the order discharging it, nor from the judgment. On the twenty-ninth day of that month he gave notice of appeal, and filed a *supersedeas* bond, but did not pay nor secure to the clerk his fees for a transcript. There-

after demand was made of the clerk for the payment of the money in his hands to Peterson, but was refused on the alleged ground that the clerk feared liability on account of the attachment. A motion was then filed asking the court to order the clerk to pay the money in his hands to Peterson. Nelson was made a party to the motion, and it was submitted and sustained. From that order Nelson appeals.

I. The appellant contends that 'the district court had no jurisdiction to make the order from which the appeal is taken. Section 2906 provides that a final order may be obtained on motion by the plaintiffs in execution against sheriffs, constables, and any other officers, for the receiving of money collected by them. The clerk was an officer, within the meaning of this section, who had received money on the judgment in favor of the plaintiff, to which the latter claimed to be entitled. The district court therefore had jurisdiction of the application, and authority to make such an order as the facts justified. See *Elliott v. Jones*, 47 Iowa, 124.

*1. OFFICERS: clerk of district court: payment of money collected: jurisdiction.*

II. Section 3019 of the Code provides that "when an attachment has been discharged, if the plaintiff then announces his purpose to appeal from such order of discharge, he shall have two days in which to perfect his appeal; and during that time such discharge shall not operate a return of the property, nor divest any lien, if such appeal be so perfected at the end thereof." The next section is as follows: "But, if judgment in the action be also given against the plaintiff, he must also, within the same time, take his appeal thereon, or such discharge shall be final." An appeal is not perfected until notice thereof has been duly served, and the clerk has been paid or secured his fees for a transcript. Code, sec. 3179. The *supersedeas* bond

*2. ATTACHMENT: appeal from order discharging attached property: fees for transcript.*

does not operate to secure the clerk his fees, within the meaning of this section. *Loomis v. McKenzie*, 57 Iowa, 81. Therefore the appeal in the case of *Nelson v. Peterson* was never perfected. It was held in *Fairburn v. Goldsmith*, 56 Iowa, 347, that there is a distinction between taking and perfecting an appeal; and it is claimed by the appellant that as judgment was rendered against him, section 3020 governs his case, and he was required to take, but not perfect, his appeal within two days. We do not think this claim is well founded. An appeal may be taken from an order dissolving an attachment as well as from a final judgment; and section 3020 seems to have been designed to compel the plaintiff to take his appeal from the judgment within the time in which he is required to perfect his appeal from the order, and thus prevent any unnecessary delay in the final disposition of the case on appeal, or to lose the attachment lien, even though an appeal from the order dissolving it is taken. Section 3020 is not designed to apply to any case in lieu of section 3019, but to add to its requirements, when judgment has been rendered against the plaintiff. The failure of Nelson to perfect his appeal operated to discharge the garnishment, and release the money in the hands of the clerk. *Ryan v. Heenan*, 76 Iowa, 591. The district court had authority to make the order in question notwithstanding his appeal. *Harger v. Spofford*, 44 Iowa, 369. It is said that it is not the custom to pay or secure the fees of the clerk in taking appeals to this court, and that, as transcripts are required in but a small proportion of cases appealed, the statute ought not to be enforced. It is only necessary to say, in reference to this claim, that statutes are not abrogated nor controlled by custom, nor can they be disregarded because of no practical importance in many cases.

In reaching the conclusion announced, we have assumed that the notice of appeal was served and the *supersedeas* bond was filed within two days from the rendering of the judgment. The appellant claims that this was the case; for the reason that the judgment was rendered on Saturday, and the two days given by the statute did not commence to run until the next Monday. Whether this claim is well founded, we do not find it necessary to determine. The order of the district court is AFFIRMED.