BENJAMIN BRUNER, Appellant, v. WILLIAM WADE *et al.*, Appellees.

1. **Appeal:** NOTICE: FORM: SERVICE. A notice of appeal, properly entitled with the names of the parties to the cause, one of whom is designated as plaintiff, and addressed to the above-named plaintiff, or to S., his attorney, is a sufficient designation of the person to whom it is addressed, and service upon the attorney named in such connection is in compliance with the statute relating to the service of notices of appeal.

2. ———: PAYMENT OF CLERK'S FEES FOR TRANSCRIPT. Payment of the fees of the clerk of the district court for a transcript, as required by statute in case of appeals, need not be made within the six months allowed after judgment for the service of notice of appeal.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

FRIDAY, MAY 27, 1892.

SEPTEMBER 13, 1890, the plaintiff filed his petition showing that on the nineteenth day of December, 1889, he recovered a judgment in the district court of Tama county against the defendant Wade and the defendant Robert Young, surety on his appeal bond, which judgment remained due and unpaid. That on January 2,

1890, the defendant Wade filed in the office of the clerk of said court a pretended notice of appeal to this plaintiff and his attorney and to the clerk, stating that he had appealed from said judgment, a copy of which notice and service was annexed. That on the sixteenth day of January, 1890, the defendant, Wade, filed in said action a *supersedeas* bond, with surety, conditioned as provided by law, "and has done nothing other and further towards the taking or perfecting an appeal of said cause, or any part thereof, to the supreme court." That said Wade did not within six months take and perfect an appeal of said cause, nor has any appeal been so taken and perfected. That said notice was not served upon or directed to this plaintiff, nor was the said clerk of the said district court paid or secured his fees for a transcript in said appeal at any time within six months of the rendition of said judgment. That on the tenth day of September, 1890, the plaintiff requested the defendant, George A. Edwards, clerk of said court, to issue an execution on said judgment, and tendered him his fees therefor, and said clerk refused, and still refuses, to issue execution, assigning as reason therefor the filing of the notice and bond as aforesaid. The plaintiff asks that the bond be set aside, and that a *mandamus* issue commanding said clerk to issue to him an execution upon said judgment upon the payment of the costs thereof.

The notice of appeal annexed, after entitling the case as "Benjamin Bruner, plaintiff, vs. William Wade, defendant," is addressed "To the above-named plaintff, or to W. H. Stivers, Esq., his attorney, and to George A. Edwards, Esq., clerk of the said court." Service was acknowledged by W. H. Stivers, attorney for plaintiff," and by the clerk. The defendants herein demur to said petition upon the ground that the facts stated do not entitle the plaintiff to the relief demanded, for that it appears that the defendant, Wade, has duly

perfected his appeal, and that he has duly served upon the attorney of the plaintiff in that action, and upon the clerk of the court, his notice of appeal in due form. The demurrer being sustained, the plaintiff elected to stand on his petition, whereupon judgment was rendered dismissing the same, from which the plaintiff appeals.—*Affirmed.*

*W. H. Stivers* and *S. M. Endicott,* for appellant.

*Struble & Stiger* and *J. D. Nichols,* for appellees.

GIVEN, J.—I. The question involved in this appeal in whether, under the allegations of the petition, the plaintiff is entitled to the relief demanded.

1. APPEAL: notice: form: service.

If from these allegations it appears that an appeal was taken from the judgment in the former case, he is not, and the demurrer was properly sustained; if otherwise, it should have been overruled. The plaintiff contends that there was no appeal, because the notice was not served upon or directed to him. The notice was addressed "To the above-named plaintiff, or to W. H. Stivers, Esq., his attorney." Immediately preceding this the title of the case was given, wherein this plaintiff was designated by name as plaintiff. The notice was duly served upon W. H. Stivers, attorney for plaintiff, and upon the clerk. The notice and service were in substantial compliance with sections 3178 and 3179 of the Code, and were sufficient.

II. The appellant's further contention is that there was no appeal, for the reason that the clerk was not "paid or secured his fees for a transcript

2. ——: payment of clerk's fees for transcript.

in said appeal at any time within six months of the rendition of said judgment." It is not alleged, however, that the clerk has not since been paid or secured his fees for a transcript. Counsel discuss the question whether paying or secur-

ing the clerk's fees is indispensable to an appeal. This question does not arise upon the record, and is not, therefore, considered. The question presented is whether the clerk's fees must be paid or secured within the six months allowed for taking an appeal. In *Fairburn v. Goldsmith*, 56 Iowa, 347, it is said: "It seems to us a·distinction is recognized by·the statute between an appeal and a perfected appeal. The appeal must be taken in the time by the service of the notice required by the statute; and there is no provision fixing a time when it must be perfected by paying or securing the fees of the clerk for a transcript." Following this case, we must hold that the demurrer was properly sustained, as the petition fails to show that the clerk's fees for a transcript were not at any time paid or secured. AFFIRMED.

KINNE, J., took no part in the determination of this case.