MARTHA SLONE, Appellant, v. C. T. BERLIN, Appellee.

88  205
104  386
105  143
105  314
88  205
106  208
88  205
124  345

1. **Appeal**: RECORD: TRANSLATION OF SHORTHAND REPORTER'S NOTES: TIME FOR FILING. Where the shorthand reporter's notes of the evidence in a law action have, by a bill of exceptions duly filed, been made a part of the record, the translation of said notes may be filed at any time that will permit of the due submission of such cause in the supreme court, even though the filing be after the filing of an additional abstract by the appellee, if no demand for such translation has been made, nor the necessity for a transcript arisen.

2. ———: ———: CLERK'S FEES FOR TRANSCRIPT. An appeal to the supreme court will not be dismissed because the fees of the clerk of the lower court for a transcript were not paid nor secured within six months after the rendition of the judgment appealed from, if such fees are secured or paid as soon as it is ascertained that the appellant's abstract is not satisfactory to the appellee, and that a transcript will be required.

3. **Schools**: INVALID CONTRACT WITH TEACHER: PERSONAL LIABILITY OF SUB-DIRECTOR: EVIDENCE. Where a sub-director of a school district entered into a written contract, on behalf of the district, with a teacher, but, because she had no certificate, the contract was never approved by the president of the board, and she was notified to quit

teaching, *held*, that the teacher could not recover the salary provided in the contract of the sub-director personally; and that, though it would have been competent to show that the sub-director, after the execution of the *written contract*, personally employed her by a verbal agreement to teach, and agreed to pay her therefor, yet evidence that he agreed to see that she got her pay for teaching under the written contract was properly excluded.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

WEDNESDAY, MAY 17, 1893.

ACTION against the plaintiff to recover for wages as a school teacher. From a verdict and judgment for the defendant, the plaintiff appeals.—*Affirmed.*

*Welch & Welch,* for appellant.

*J. W. Doxsee* and *Sheean & McCarn,* for appellee.

KINNE, J.—I. The appellee moves to strike from the abstract all of the evidence, because no translation

1. APPEAL: record: translation of shorthand reporter's notes: time for filing.

of the shorthand notes was filed with the clerk of Jones county within six months from the date of the rendition of the judgment in the case, nor had it been filed or made of record on April 1, 1892, the date of service of the appellee's additional abstract. Judgment was entered September 28, 1891, and the shorthand notes of the evidence taken in the trial were filed at its close, and on the same day. The abstract was served on the appellee January 12, 1892, and filed February 19, 1892. The appellant's argument was served February 25, 1892, and filed February 26, 1892. By agreement, the appellee was given till April 1, 1892, to file an additional abstract. It was in fact served and filed March 31, 1892. The translation of the reporter's notes was filed with the clerk of the district court April 5, 1892. April 16, 1892, the appellant served a denial,

which was filed in this court, with a transcript, on April 21, 1892.

The appellee, in support of his contention that the translation of the notes must be filed within six months from the date of the rendition of the judgment, refers to *Lowe v. Lowe*, 40 Iowa, 220, and *Harrison v. Snair*, 76 Iowa, 558. It appears in the case at bar that a duly certified skeleton bill of exceptions was filed with the clerk of the district court of Jones county within the time given to file a bill of exceptions. The notes of the shorthand reporter, which were then on file, were properly made part of said bill. In the Lowe case neither the notes nor a translation of them was ever filed in the lower court, or made of record therein. In *Harrison v. Snair* no translation of the notes was ever in the clerk's office.

We held in *Hampton v. Moorhead*, 62 Iowa, 95, that it was competent to make a skeleton bill of exceptions, and incorporate the original notes by mere reference, and that when such a bill was made and filed the original notes were by it made a part of the record, and the record was thus made complete, so far as the evidence embraced therein was concerned. It is there held that the transcript of the notes is only necessary for the purpose of making the record, the notes, intelligible to others than the reporter. It is true, that was an equitable action. In *Hammond v. Wolf*, 78 Iowa, 228, it is said that in civil cases, not triable *de novo*, there is no time fixed by statute within which the translation of the shorthand reporter's notes must be filed; they should be filed before the clerk is required to prepare a transcript of the record for this court. *Warbasse v. Card*, 74 Iowa, 309. In the *Hammond case* it is further said: "Since there is no provision of law fixing, in terms or by necessary implication, the time within which the translation of the shorthand reporter's notes shall be certified and filed in civil actions at

law, we conclude that it is sufficient in any case if done within such time as to permit the submission of the case in this court in the manner and within the time fixed by statutory and other rules applicable to such cases." Now it appears in the case at bar that the translation of the notes was in fact filed April 5, 1892, and prior to the time the clerk made his transcript. The appellee complains that they were not filed before he prepared his additional abstract. But he had never, so far as this record shows, called for a transcript of the notes. His filing of an additional abstract was the first notice to the appellant that a translation of the notes would ever be required. She had, up to that time, reason to believe that the appellee might be satisfied with the evidence as set out in the abstract. Just as soon as it became apparent that it would be necessary to have the notes transcribed, a translation of them was filed. In the light of what is said in the *Hammond case*, the appellant, in this regard, did all that was required of her. The motion is overruled.

II. The appellee moves to dismiss the appeal because the clerk of the district court of Jones county

2. ——: ——:
clerk's fees
for tran-
script.

had not been paid or secured his fees for a transcript of the testimony. The record shows that the fees for a transcript were not paid until after April 5, 1892, the time when the translation of the notes was filed. There is no claim that such fees have not in fact been paid. It was said in *Fairburn v. Goldsmith*, 56 Iowa, 347: "It seems to us a distinction is recognized by the statute between an appeal and a perfected appeal. * * * There is no provision fixing a time when it must be perfected by paying or securing the fees of the clerk for a transcript." This case was followed recently by *Bruner v. Wade*, 85 Iowa, 666. Inasmuch as no transcript was necessary in case the appellant's abstract should prove acceptable to the appellee, and when it appeared that it

was not satisfactory the clerk's fees were paid and transcript secured, the object of the law has been attained. The motion is overruled.

III. It appears that the plaintiff claims that on December 6, 1890, she entered into a written contract

3. SCHOOLS: in-valid contract with teacher: personal lia-bility of sub-director: evidence.

or agreement with the defendant by which she was engaged to teach a certain school, at thirty-five dollars per month, for the period of four months; that she taught a little over two months, when the defendant compelled her to quit teaching. She seeks to recover one hundred and forty dollars, being her wages, and for loss of time. In a second count the same services are claimed for as having been performed by virtue of a verbal contract with the defendant. It appears that the defendant, as a sub-director, had been empowered to employ a teacher in a sub-district wherein there was no sub-director then; that he entered into the usual contract with the plaintiff; that, she not having a certificate, her contract was never approved by the president of the board; that he caused her to be notified to stop teaching, as she could not be paid for her services. The plaintiff claims that she made a verbal contract with the defendant after she executed the written contract, whereby he employed and agreed to pay her. She can not recover on the written contract. It shows that it was made by the defendant on behalf of the school district, and there is nothing to show that, by it, it was intended to bind him individually. No doubt it would have been competent for the plaintiff to show that after the execution of the written contract she entered into a verbal agreement with the defendant to teach the school, and that he was to pay her therefor.

Much testimony was offered which, it is claimed, was erroneously ruled out. An examination of the abstract and transcript satisfies us that the proposed

evidence did not go to the extent of establishing a verbal contract to teach the school, and to be paid therefor by the defendant, but it was sought to show that the defendant agreed to pay what the written contract required the district to pay. The testimony was properly excluded. The effect of the offered evidence would be to show that the defendant agreed to see that the plaintiff got her pay for teaching under the written contract. The court properly directed a verdict for the defendant. AFFIRMED.