OF

## THE STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D., 1902,

AND IN THE FIFTY-SIXTH YEAR OF THE STATE.

---

JOHN P. HORNISH, and JOHN P. HORNISH, Assignee of W. H. BOWERS, Appellees, v. THE RINGEN STOVE COMPANY, Appellant, and SHERMAN L. RUTLEDGE, Clerk of the District Court in and for Lee County, Iowa, Appellee.

**Action for Disposing of Fund in Court:** MAY BE TREATED AS MOTION. In a former action defendant caused property of plaintiff's assignor to be attached, and the proceeds of the sale thereof were deposited with the clerk. Judgment in such action was entered that defendant recover a certain sum, to be paid out of such deposit, and that the balance be paid to plaintiff; also that plaintiff be allowed his costs and a specified attorney's fee, to be paid by defendant. In this action plaintiff alleged

NOTE—The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

such facts, and that such attorney's fee and costs had not been paid and were in excess of the funds in the hands of the clerk, and prayed that the portion of such fund directed to be paid to defendant be paid to plaintiff, to apply on such costs and attorney's fees. *Held*, that the action, being in the same court and before the same judge as the former action, and all forms of action being abolished, might be treated as a motion in such former action.

FORMER ADJUDICATION. The judgment in the former action is conclusive on all matters decided therein, and hence the objection that attorney's fees could not properly be taxed in such case cannot be entertained.

SUMMARY JUDGMENT AGAINST CLERK. Under Code section 3826, providing that judgments or final orders may be obtained by plaintiff in execution against officers for the recovery of money or property collected by them, and also independently of such section, the court has power, under a proper showing, to render judgments summarily against the clerk, or make such order as will protect plaintiff's rights.

No EXECUTION NECESSARY. Money belonging to defendant being already in the custody of the court, no execution is necessary, as the appropriation thereof to pay plaintiff's costs can be made directly by the court on a proper showing.

Demurrer: MISJOINDER OF PARTIES: *Suit brought individually and as assignee.* The judgment in the former action being indefinite as to whether the costs were awarded to plaintiff individually or as assignee the present suit was brought by him in both capacities. *Held*, that, if he is entitled to recovery in either capacity, a demurrer should be overruled, since objection to the misjoinder of parties cannot be raised by demurrer.

*Appeal from Lee District Court.*—HON. HENRY BANK, Judge.

MONDAY, FEBRUARY 10, 1902.

PETITION in equity to establish a judgment lien on certain funds in the hands of the clerk of the district court of Lee county. Defendant Ringen Stove Company filed a general equitable demurrer to the petition, which was overruled; and, electing to stand on the demurrer, the court ordered the clerk to pay plaintiff the amount claimed. The stove company appeals.—*Affirmed.*

W. J. *Roberts* for appellant.

W. B. *Collins* and *James C. Davis* for appellees.

DEEMER, J.—The main action out of which this controversy arose was before us on other matters, and an opinion filed, which is reported in 109 Iowa, at page 175. Reference is now made to that opinion for a statement of the facts regarding the previous litigation between these parties. The judgment which was affirmed in that case, among other things, provided: "The court therefore finds that intervener is. entitled to have and recover of plaintiff, the Ringen Stove Company, the sum of three hundred eighteen dollars, together with costs of this proceeding, taxed at ——— dollars. The court further finds that it was undisputed in the pleadings that the amount due the Ringen Stove Company on this date is five hundred fifteen dollars and ninety-one cents; that intervener and defendant are entitled to have the amount of the verdict above described set off against the amount due the plaintiff; and that the net amount due the plaintiff, the Ringen Stove Company, is the difference between $515.91 and $318.00, or $197.91. It is therefore ordered, considered and adjudged that the plaintiff, the Ringen Stove Company, is entitled to judgment against W. H. Bowers, doing business as the W. H. Bowers Stove Company, in the sum of $197.91, together with costs of filing the petition, serving the original notice, copy fees, and the entry of judgment, to wit, three dollars and eighty-five cents. The court further finds that John P. Hornish is entitled to have taxed as a part of the costs of this proceeding, and against said Ringen Stove Company a reasonable attorney's fee for his attorneys, W. B. Collins and James C. Davis, and such reasonable attorney's fee the court fixes at one hundred and fifty dollars. The court further finds that the costs of this proceeding, including the care and sale of the attached property, shall be taxed against the plaintiff, the Ringen Stove Company. It

is further found by the court that there is now on deposit with the clerk of the district court of Lee county, Iowa, the sum of $469.75; that there shall first be paid out of the said sum the judgment of the Ringen Stove Company, $197.91, and $3.85 costs, and the balance to be paid to John P. Hornish, assignee; that each party shall, respectively, have an execution for any balance remaining due and unpaid after the distribution above referred to."

This action was brought by Hornish, in his individual capacity and as assignee of W. H. Bowers, against the clerk of the district court and the Ringen Stove Company, to impress a lien on the funds in the hands of the clerk belonging to his codefendant, and for an order on the clerk, directing him to pay to petitioner or his attorney the said funds in his hands, to be applied on the balance of the judgment in favor of plaintiff, as above recited. The material allegations of the petition, in addition to reciting the recovery of the judgment, are that the judgment for attorney's fees and general costs has not been paid, although taxed against the Ringen Stove Company; that the clerk has in his hands the sum of $201.76, which was ordered to be paid to the Ringen Stove Company; that plaintiff caused an execution to issue, under which the clerk was garnished; that a notice, with copy of the petition, was also served on the clerk; and that the fund is liable to the payment of costs, which amount to more than the entire fund in the hands of the clerk. The clerk appeared and filed an answer reciting the facts, and asking for such an order as would protect him in the premises. The Ringen Stove Company filed a general equitable demurrer, which was overruled, and the appeal is from that ruling.

For a reversal of the ruling, appellant relies on the following propositions, to wit: "(1) The money which the plaintiff seeks to reach is a fund in the custody of the court. Its distribution has been ordered by the court in a suit at law, and the parties to the proceeding are bound by the judgment rendered therein. Any further order in re-

lation to same should be sought in said case.    (2) The effect of the relief prayed for by the plaintiffs and granted by the court is a modification, by an order in an action by equitable proceedings, of a judgment obtained in an action by ordinary proceedings, which is expressly prohibited by Code, section 3440.    (3) For aught that appears upon the face of the petition 'the balance to be paid to John P. Hornish, assignee,' out of the $469.75, after the payment of $197.91 and $3.85 to defendant, as ordered by the judgment sued on, is ample to pay any and all sums due John P. Hornish, assignee.    It does not appear that any balance remains due and unpaid after the distribution ordered by said judgment.    (4) Plaintiffs show no such joint interest in the money sought to be reached as entitles them to maintain this action."    We address ourselves to these in the order stated.

Doubtless it is true that the money in the hands of the clerk is in the custody of the law.    But it must be remembered that this proceeding is in the same county and court, and before the same judge, as the original attachment proceedings.    The parties are the same, with the exception of the clerk and perhaps Hornish in his individual capacity. The object of the proceeding is to subject the funds in the hands of the clerk to the payment of the judgment held by the assignee.    All the parties appeared, and the court evidently had jurisdiction both of the parties and of the subject-matter.    Forms of action are abolished in this state, and if the court has jurisdiction of the persons and of the subject-matter, and has authority to grant the relief sought, the nature of the action is generally a wholly immaterial matter.    For the purpose of affording the relief asked, the court might even treat it as an application made in the original case for an order on the clerk. Under Code, section 3826, judgments or final orders may be obtained by plaintiffs in execution against officers for the recovery of money or property collected for them. In virtue of this section the court had power, under a proper showing, to render judgment summar-

ily against the clerk, or to make such an order as would pro-
tect intervener's rights to the funds in court. *Elliott v.
Jones,* 47 Iowa, 124; *Peterson v. Hays,* 85 Iowa, 14. In-
dependent of this section, the court had the inherent right
to control the funds in the possession of of its officers,
and to direct its clerk in the discharge of his offi-
cial duties. That plaintiff brought what appeared
to be an independent suit, and filed what he denominated
a "petition," is in no manner controlling.

II. Without question, all parties are bound by the
judgment entered in the original case, and this suit is not
an application for a modification of that judgment. In the
original case, Hornish, as assignee and intervener, was al-
lowed damages in the sum of $318, which was set off
against the amount due from his assignor, Bowers, to the
Ringen Stove Company, to wit, $515.91, leaving a balance
of $197.91 due the Ringen Stove Company. The costs,
with the exception of $3.85, including an attorney's fee to
Hornish's attorneys, were taxed to the Ringen Stove Com-
pany. It appears that there was $469.75 on deposit with
the clerk,—the proceeds of the sale of certain attached
property; and it was ordered that of this amount there
first be paid the amount of the Ringen Stove Company judg-
ment, and the balance paid to Hornish, assignee, and that
each party have execution for any balance due and unpaid
after the distribution above referred to. It is alleged in
the petition, and, of course, admitted by the demurrer, that
the costs taxed in favor of Hornish had not been paid, and
that these costs are in excess of the amount of the funds in
the hands of the clerk. Accepting it as a truism that the
court had no power under this proceeding to modify the
previous judgment, still it appears that Hornish, as assignee
or as an individual has a judgment against the Ringen Stove
Company for costs in at least the sum of $150, which he
is entitled to enforce by execution or otherwise. That judg-
ment was affirmed by this court, and neither party is per-
mitted to attack it in this form of proceeding. It further

appears that the clerk has in his possession the sum of
$201.76 belonging to the Ringen Stove Company.   As a
rule, execution is necessary only for reaching property of
the judgment debtor and converting it into money.
When, therefore, money belonging to such debtor is
already in the custody and control of the court and
its officers, no execution is necessary; for the court, as we
have already said, has power to direct the disposition of
the fund.   From a reading of the part of the judgment
quoted, it will appear that it is a little indefinite as to
whether the judgment for costs was in favor of Hornish
individually or Hornish as assignee.   For this rea-
son the application in this case was made in the
name of both, and, if either is entitled to an order
for the money, the demurrer was properly overruled.   At
most, it is a case of misjoinder, rather than of non-joinder;
and the defect, if there was one, could only be raised by
motion.   It is elementary that misjoinder can only be reach-
ed by motion, while for nonjoinder a demurrer will lie.

III.   In considering the second point made by appel-
lant we have necessarily disposed of his third and fourth
propositions,   and we need add only one further sugges-
tion,—that it makes no difference, so far as this case is con-
cerned, whether the costs were taxed in favor of Hornish,
or of Hornish as assignee.   The original   judgment is a
verity.   This suggestion also answers a further point
made by appellant, to the effect that no attorney's fees
could properly be taxed in the main case.   That part
of the judgment ordering attorney's fees taxed to Hornish
cannot, therefore, be treated as surplusage.

IV.   After the clerk had filed his answer, the court,
on the trial of this proceeding, made an order that he (the
clerk) pay to Hornish or his attorneys, out of the funds in
his hands belonging to the Ringen Stove Company, the sum
of $150 and the costs taxed in the main suit.   Incidental
to the main points   relied upon for reversal, appellant in-
sists that it does not appear that the costs could not have

been paid out of the $268 balance remaining of the funds in the hands of the clerk after paying the amount found due the Ringen Stove Company. He overlooks the fact that it is alleged in the petition and admitted by the demurrer that no part of the' costs taxed in favor of Hornish, or Hornish as assignee, have been paid, and that these costs are in excess of the funds in the hands of the clerk. Treating the petition in the case as a motion for a sum-mary judgment or' order, or as an application to direct the clerk in the discharge of his duties, and to distribute a fund in his hands, it is apparent, we think, that the demurrer was properly overruled.—AFFIRMED.