## FINDLA *v.* CITY AND COUNTY OF SAN FRANCISCO.

THE Ayuntamiento of San Francisco, in 1850, by an order, authorized its Alcalde to grant to plaintiff "a quantity of land, in conformity with the survey of the town, as near as possible to the location of" certain other lots which plaintiff was to surrender to the town. The Alcalde accordingly conveyed, by deed, to plaintiff, a lot which had been previously granted by the town to one Gerke. *Held*, That an action for the breach of covenants of warranty in this deed will not lie against the city.

The true meaning of the order is, that the Alcalde was to grant the city's land only, and neither the town nor its successor is bound for an act done beyond the limit of its authority.

Whether a city can bind itself by a contract purporting to dispose of property to which it has no claim; *query.*

APPEAL from the Fourth District.

The defendant demurred to the complaint, as set forth in the opinion, that it did not contain facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appeals.

*Waller & Moore,* for Appellant.

*F. P. Tracy,* for Respondent.

Findla *v.* City of San Francisco.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

The complaint in this singular case sets out, that about the 18th of March, 1850, the Ayuntamiento, or Town Council of San Francisco, then a pueblo, made an order authorizing the Alcalde, J. W. Geary, to receive back certain grants of lots, made to the plaintiff by the authorities of the town, in September, 1848, to cancel them, and to grant to plaintiff, in lieu thereof, an equal quantity of land in conformity with the survey of the town, as near the location of the former lots as could be given.

Geary, acting, or professing to act, as Alcalde, made a deed under this order, to the plaintiff, for a lot, which had before been conveyed to one Gerke; and it is for a supposed breach of the implied covenants of warranty in this deed that this suit is brought.

But the Respondent's counsel reply to this complaint that it shows no cause of action, for the true meaning of the order is, that the officer of the city was only authorized to grant the city's land, and not Gerke's land; and, therefore, neither the town nor its successor is bound for an act done beyond the limit of its authority. Indeed, it would be very questionable whether the town itself, under the power to dispose of its own property, could bind itself by a contract purporting to dispose of property to which it had no claim. But, certainly, when it authorizes its agent to make a deed for its own land, *that authority* does not impart to the agent a right to bind it to convey or warrant the title to a lot belonging to a stranger.

Thus, it has been held in Mississippi, in several cases, that where a Commissioner, under an order of sale from the Probate Court to sell real estate of the intestate, sold land not belonging to it, the sale was void as exceeding the authority of the agent, and the notes given for the purchase-money not recoverable.

The demurrer was properly sustained.

Judgment affirmed.