## CARTER v. CITY OF DUBUQUE.

1. **Municipal corporation: POWERS OF: CONTRACTS OF GUARANTY.** A municipal corporation can exercise only such powers as are expressly granted, and such incidental powers as are necessary to the proper exercise thereof.

2. —— The power of a city to sell negotiable paper held by it does not carry with it as an incident the power to execute a guaranty thereof.

3. —— A contract of guaranty is not negotiable, and when executed by a municipal corporation in excess of its constitutional inhibition against the contraction of indebtedness, is void not only in the hands of the original holder but against every subsequent assignee.

*Appeal from Dubuque District Court.*

TUESDAY, DECEMBER 12.

SUIT upon a guaranty by defendant of a bond for $500 executed by the Dubuque Central Improvement Company, payable to the city of Dubuque or bearer.

The answer sets forth that the execution of the guaranty was beyond the scope of defendant's powers; that at the time of executing the guaranty the defendant had reached the constitutional limit of its indebtedness; and that the city had authority to borrow money or pledge its credit only in case a proposition to do so should be adopted by two-thirds of the qualified voters of the city, and that no such proposition had been submitted to such voters.

Trial by the court. Judgment for defendant. Plaintiff appeals. The necessary facts are stated in the opinion.

*Alonzo Cragin* for the appellant.

*Adams & Robinson* for the appellee.

DAY, J. — I. The city of Dubuque has not the general powers of a natural person. It can exercise such powers only as are expressly conferred, and such others as are incident to a proper exercise of the powers expressly granted.

The city charter confers no authority to sell negotiable paper with a guaranty. If such power exists it must attach as an incident to powers specifically granted. The charter renders the city capable in law of contracting and being contracted with. It is claimed that, as this authority is given without limitation, it is broad enough to include the power of executing the guaranty in question. But this argument proves too much. For if this provision of the charter confers authority to make the contract in question, it, for like reason, confers authority to make any contract of whatever nature, and renders the authority of the city of Dubuque to contract, co-extensive with that of a natural person.

That the city has power to sell its negotiable paper we readily concede. As an incident to this power it may do every thing necessary to its proper exercise.

But a guaranty is neither a necessary nor an usual incident of such sale. The bond in question is payable to bearer, and transferable by delivery.

The city of Dubuque is authorized to borrow money upon the credit of the city when a proposition to that effect shall pass the city council, and be adopted by a vote of two-thirds of the qualified electors of the city. It is true that a sale of negotiable paper with a guaranty is not strictly borrowing money upon the credit of the city. And yet it is apparent that if a contract such as the one in question should be upheld, it would be competent for the city authorities to guarantee and put upon the market its worthless securities, thus pledging the credit of the city to an unlimited extent, and working a complete evasion of this provision of the charter.

In our opinion the authority to execute the guaranty in question is neither expressly conferred, nor is it necessary to a proper exercise of the power of sale of the bond in controversy.

The contract of guaranty was therefore *ultra vires*, and not binding upon the city.

II. The State constitution, article 11, section 3, provides that "no county or other political or municipal corporation shall be allowed to become indebted in any manner or for any purpose to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation, to be ascertained by the last State and county tax list, previous to the incurring of such indebtedness."

The evidence shows that at the time of the execution of the guaranty in question, the indebtedness of the city of Dubuque largely exceeded this constitutional limit. It also appears that the plaintiff is not the person to whom the guaranty was executed. Tacitly admitting that the person to whom the guaranty was executed could not recover thereon, appellant insists that the constitutional restriction does not apply to indebtedness in the hands of a *bona fide* purchaser.

We deem it unnecessary now to consider the rights of a *bona fide* holder of negotiable paper, issued in excess of this constitutional inhibition.

The decided weight of authority is that a contract of guaranty is not negotiable. See 2 Pars. on *Notes* and *Bills*, 133, and cases cited in note *v.*

And, while such contract may be assigned under our statute, yet the assignee takes it subject to all the defenses which might have been interposed against it in the hands of the assignor. It follows that the guaranty is void in the hands of the present holder, because executed in violation of a constitutional restriction.

Affirmed.