Hamilton v. The City of Shelbyville.

No. 816.

## HAMILTON v. THE CITY OF SHELBYVILLE.

MUNICIPAL CORPORATIONS.—*Power to Make Contracts.*—*Must Take Knowledge of Fiduciary Character of Public Officers.*—In dealing with public officers, all persons are bound to take notice of their official and fiduciary character, and know that they can only bind the corporation for which they act by contracts authorized by law, and where the manner of exercising a power is prescribed by statute, it must be complied with, or the act will be void. Municipal corporations have power to make contracts in aid of their local government, and the test of the validity of such a contract is whether or not the object to be accomplished will aid in such government. A municipal corporation may make contracts generally within the scope of their authority, in the absence of a statutory method to be pursued.

SAME.—*Power to Make Contracts.*—*Contract to Drain Lands of Private Person Void.*—*Governmental Functions Must Remain Free.*—The governmental functions and powers of a municipal corporation must remain free and untrammeled to be exercised for the benefit of the inhabitants as the emergencies may arise, and under this rule a municipal corporation can not make a contract to furnish drainage for the lands of a private person, such a contract, being a limitation on the governmental functions, is absolutely void.

SAME.—*Drainage.*—*Ditch.*—*To Properly Construct and Keep in Repair is a Statutory Duty.*—*Pleading.*—*Action for Breach of Should Declare in Tort.*—Where a complaint against a municipal corporation, for failure to properly construct a ditch and keep it in repair, declares upon a contract such action must fail. The complaint should declare in tort for breach of a statutory duty.

From the Shelby Circuit Court.

*D. L. Wilson, T. B. Adams* and *I. Carter*, for appellant.

*A. Blair, K. M. Hord* and *E. K. Adams*, for appellee.

LOTZ, J.—In the year 1866, one Andrew O. Porter, owned certain lands situate within two miles of the city of Shelbyville. The said city desired to drain certain lands and lots within, and adjacent to, its corporate limits, and had instituted legal proceedings by its common council for that purpose. The projected drain extended through

the lands of said Porter. The said Porter resisted such proposed encroachment on his lands, and a legal controversy was pending in the courts between him and said city. To adjust and compromise the differences existing between them, an agreement was entered into by which Porter and wife conveyed to said city a strip of land thirty feet wide, for the purpose of constructing said ditch thereon. The provision in said contract relating thereto being in these words: "Now, therefore, in the consideration of the sum of one dollar, and of the covenants hereinafter mentioned on the part of said city, and of the premises aforesaid, the said Andrew O. Porter and Anna Porter, his wife, hereby grant and convey to said city the said strip of land thirty feet wide as aforesaid, for the purpose of constructing said ditch therein, and for that purpose only, and to revert to the said grantors or their heirs, when said city shall fail and refuse longer to keep open a ditch along said line; and for and in consideration of the grant of the above described right of way for said ditch over the lands of said Andrew O. Porter, the common council of said city hereby agrees to construct said ditch within a reasonable time, of sufficient capacity to carry off the water that accumulates along the line of said ditch, and to keep the same open and in reasonable repair, and to exonerate said Porter from all expense in keeping said ditch open after the same is dug. And they hereby release him from the payment of said assessments for any benefits to said lands, and also from any expenses in digging the same, and to permit said Porter, free of all charge, to drain his lands by outlets into said ditch, constructed in such manner as not to injure the same."

The contract was duly signed and acknowledged by Porter and wife, and by the mayor of the city. Appellant afterwards, in the year 1873, by deed of conveyance from Porter and wife, became the owner of the Porter lands. The alleged breach of the above stipulation, on the

part of the city, is made the foundation of appellant's cause of action.

His complaint is in three paragraphs.

The first charges that the defendant failed, neglected, and refused to keep said ditch cleaned out, so as to keep it of the dimensions as originally constructed, and that, by such failure, neglect, and refusal, he, the plaintiff, has been unable to drain his lands as he could have done had said ditch been so cleaned out; that he had no other way of draining his lands; and that, by reason of said failure on the part of said city, his lands were made wet so that the grain and grass growing upon said lands were destroyed thereby, to his damage in the sum of three hundred dollars.

The gist of the second paragraph is that the city took possession of said strip of land under said contract, " and constructed a ditch through and upon the same, and has ever since occupied said lands, and keeps said ditch partly open, and uses it for the purposes of drainage, but that said city did not construct said ditch of sufficient capacity to carry off the water in a reasonable time that accumulates along the line of said ditch, and that said city has and does fail, neglect, and refuses to so construct said ditch, clean, repair and keep the same open in such a manner as to enable him, the plaintiff, to drain his lands free of charge by outlets into said ditch;" that on account of such failure his land was made wet, and the grain and grass growing on the same were destroyed, and his land rendered unfit for the purpose of growing grain and grass, to his damage in the sum of three hundred dollars.

The third paragraph proceeds much the same as the second, but contains these additional averments: " That one, Thomas Fortune  *  *  *. filed his petition before the board of commissioners of said county, praying for the location of a ditch from his lands in the said city, to and intersecting with said ditch at a point just north of said lands of the plaintiff, and laying said ditch thence on

Hamilton v. The City of Shelbyville.

to its outlet in said aforesaid old ditch." That said petition was granted, and said ditch established and constructed as prayed for in said petition. That since that time said city has continued to occupy and use said ditch, but has refused to repair the same, "and a valid and legal assessment was made upon his (appellant's) lands, which he has been forced and compelled to pay in the sum of $180, for the purpose of repairing, cleaning, and keeping open said ditch.

A demurrer for want of facts was overruled to the first and second paragraphs, and sustained to the third.

Five paragraphs of answer were filed.

Demurrers were sustained to the second, third, and fifth, and overruled to the fourth. The cause was put at issue and tried by the court. At the request of the appellant, the court made a special finding of facts, and stated the conclusions of law thereon.

The court made a finding in favor of the appellant, and rendered judgment in his favor in the sum of one dollar, and judgment for all costs in the case in favor of the appellee. Appellant made a motion for a judgment of $400 in his favor; this motion being overruled, he excepted to the conclusions of law. Appellant assigns as error all the rulings of the court adversely to him, and the appellee assigns as cross-errors all the rulings of the court adversely to it. We are required at the threshold to determine the sufficiency of the complaint. Unless it states a cause of action, none of the assignments will avail the appellant. If the contract declared upon in each paragraph of the complaint existed between ordinary persons, the stipulation to keep the drain in repair would run with the easement, and inure to the benefit of the heir, assignee or grantee. *Midland R. W. Co.* v. *Fisher*, 125 Ind. 19; *Louisville, etc., R. W. Co.* v. *Power*, 119 Ind. 269; *Hazlett* v. *Sinclair*, 76 Ind. 488.

Municipal corporations are established by law to assist in the civil government of the country, and chiefly to regulate and administer the local affairs of the district which is incorporated. In their corporate capacity, they exercise subordinate powers of legislation and regulation in respect to their local affairs and concerns. This power of local government is the distinctive purpose of their creation. They have power to make contracts, like other corporations, in aid of local government, but they can not make contracts generally like other corporations and natural persons. It is true that within the sphere and scope of local government, they may exercise the power to contract generally, unless the statute prescribes a method to be pursued. The test of the validity of a contract made by a municipal corporation is whether or not the thing to be accomplished will promote or aid in local government. If it will secure this end, and is exercised in the method prescribed by law, it is binding upon the municipality as well as upon the persons who contract with it. If the law prescribes a mode of exercising a power, the mode designated must be pursued, or the act will be void. It is, also, a familiar rule that in dealing with public officers, all persons are bound to take notice of their official and fiduciary character, and to know that they can only bind the corporation for which they act, by contracts which are shown to be authorized by law. *Bloomington School Tp.* v. *National School Furnishing Co.*, 107 Ind. 43; *Platter* v. *Board, etc.*, 103 Ind. 360, and cases there cited; 1 Dillon on Munic. Corp., section 381; *Burnett* v. *Abbott*, 51 Ind. 254.

Cities have the power to drain any lot or parcel of ground within their corporate limits, or within two miles thereof, whenever the water has or may become stagnant, or noxious, or injurious to the health or comfort, at the expense of the owners thereof, under such reasonable regulation as the council may prescribe. Section 3106, subd. 1, 2 and 26, R. S. 1881. And they may acquire the easement

over and through private property, by exercise of the power of eminent domain, or by contract with the owner. *Leeds* v. *City of Richmond,* 102 Ind. 372. It is conclusively settled by many decisions that a municipal corporation is liable for injuries resulting from negligence in devising plans, or for negligence in executing skillful plans, and for negligence for failure to keep a public improvement in repair. It is equally well settled that a city is not liable for consequential injuries resulting from a public improvement devised and executed in a careful and skillful manner, unless a right of action is expressly given by statute. It is true, as was decided in the case of *Leeds* v. *City of Richmond, supra,* that, in acquiring the right of way for a public improvement, the city may obligate itself, by contract, to do the work in a careful and skillful manner, and must respond in damages for a breach thereof, but such contractual obligation is limited and binding only to secure the performance of the work in a proper and lawful manner. As a general rule, a contract to indemnify a person against a future illegal act is beyond the power of a municipal corporation. It has no right or power to assume that it will be negligent or derelict in its duty, and agree to indemnify against its contemplated or possible tortious conduct. The duty of performing the work in a careful and skillful manner, and of keeping it in repair, is one imposed by law. The obligation to respond in damages can only arise when there is a breach of the legal duty. Neither paragraph of the complaint counts upon a breach of the legal duty, but each relies upon the breach of a contract. Again the city has no power to make a contract obligating itself to furnish or provide drainage for plaintiff's lands. In providing drainage for lands within or adjoining its corporate limits, it exercises governmental functions. When it accomplishes this end, its powers in this respect cease. In doing this, it might incidentally drain the lands of the plaintiff, but it could not contract to furnish drainage for

plaintiff's lands in the future. Such contract is beyond the scope and purpose of the city's existence. The future requirements of the city may demand that the drain be abandoned, or filled up and discontinued. If the city may make a contract binding itself to furnish drainage for the lands of a private person, then it may put a limitation upon its powers of local government. The governmental functions and powers of a municipal corporation must remain free and untrammeled, to be exercised for the benefit of the inhabitants, as the emergencies may arise. A contract that puts a limitation on these powers is absolutely void. *City of Peru* v. *Gleason*, 91 Ind. 566. The demurrer should have been sustained to each paragraph of the complaint. When the complaint is incurably bad, and is properly challenged by an assignment of cross-errors, the judgment will be affirmed without remanding the case. Elliott App. Proced., section 416; *State, ex rel.*, v. *Harris*, 89 Ind. 363. The complaint declares upon contract. It can only be made good by declaring in tort. This, we think, would be such a radical departure as to constitute an entirely different cause of action. The judgment rendered against the appellee is for one dollar only. No good purpose can result in a continuation of the controversy.

Judgment affirmed.

REINHARD, C. J., not present.

Filed April 25, 1893.