DAVID SANG *et al. vs.* DULUTH CITY.

Argued June 6, 1894.    Reversed June 29, 1894.

No. 8736.

**A municipal contract for a trespass void.**

> Where a village made a contract to grade and improve a street within its limits, in a part of which street it had no right of way, and had no color of right or apparent right to such part, and the contractor performed as to the rest of the street, but not as to such part, being prevented by reason of the want of such right of way, *held*, as to such part of the street, the contract was ultra vires, and the contractor was not entitled to recover damages for breach of the contract in being so prevented from performing the same.

Appeal by defendant, the City of Duluth, from an order of the District Court of St. Louis County, *J. D. Ensign*, J., made January 6, 1894, overruling its demurrer to the complaint.

The plaintiffs, David Sang and Alexander Sang, made a contract August 15, 1892, with the Village of West Duluth to grade, curb and pave Sixth street south between Grand and Eighth Avenues in that village and complete the work by October 1, 1892. They were to be paid therefor certain prices according to measurement of quantity. The St. Paul and Duluth Railroad tracks and right of way crossed Sixth street between those Avenues, and the Village of West Duluth had never acquired any right to cross the railroad with the street at that point. Plaintiffs were for that reason unable to grade, curb or pave Sixth Street for the distance owned and occupied by the railroad company. They performed their contract in other respects and were paid therefor. The Village of

West Duluth was afterwards received into and became a part of the city of Duluth and the city assumed its liabilities. This action was to recover $3,000 damages claimed to have been sustained by plaintiffs by reason of the failure of the Village to fulfill the contract on its part. The complaint stated these facts and the defendant demurred. The demurrer was overruled and the city appeals.

*H. H. Phelps,* for appellant.

By Laws 1891, ch. 146, the Village Council had power to improve streets. Outside of that statute this power would perhaps be inherent in the Council as the governing body of the municipality. But nowhere is the power given the Council to improve, or to contract to improve, private property. Having no power to make a contract to improve private property, the contract with plaintiffs must have been void, in so far at least as it purported to provide for the improvement of the strip of land belonging to the St. Paul & D. R. Co. A municipality is not estopped to deny the validity of a contract made by its officers when they had no authority to make such contract. *Newbery* v. *Fox,* 37 Minn. 141.

*Draper, Davis & Hollister,* for respondents.

The complaint alleges full power in the village of West Duluth to lay out streets, procure rights of way and condemn lands therefor, to improve such streets and let contracts for that purpose, that plaintiffs were ignorant of the fact that West Duluth had no right of way across the railway tracks at this crossing and that the village had ample time to make condemnation, but failed to act, and that plaintiffs thereby sustained damage. *Kobs* v. *City of Minneapolis,* 22 Minn. 159; *Bryant* v. *City of St. Paul,* 33 Minn. 289; *Grube* v. *City of St. Paul,* 34 Minn. 402; *Sewall* v. *City of St. Paul,* 20 Minn. 511; *O'Brien* v. *City of St. Paul,* 25 Minn. 331.

CANTY, J. This is an appeal from an order overruling a demurrer to the complaint, which alleges that the plaintiff entered into a contract with the village of West Duluth, a village organized under the general laws of this state; that by said contract plaintiff

agreed to grade, pave, and otherwise improve a certain street in the village, and the village agreed to pay him therefor according to a stated schedule of prices for the different kinds of work; that the street crossed the right of way of a certain railroad company, and the village had never acquired any right of way for said street across such railroad right of way; that plaintiff performed all of the work on all of the rest of said street except across such railroad right of way, and was prohibited and prevented by the company from performing such contract across such right of way. Plaintiff does not claim to recover for any work so performed, but claims loss of profits for being prevented from performing on the railroad right of way, and loss by depreciation of material purchased for that part of the work.

We are of the opinion that the part of the contract which provided for improving this railroad right of way was ultra vires, and that the plaintiff cannot recover. It does not appear that the city had any color of right whatever. It appears to be merely a contract to commit a trespass. We cannot see that the city had any apparent right on which the plaintiff can ground the doctrine of estoppel. It is unnecessary to decide what the rule would be if the village had some color of right, as if it claimed under, defective or void condemnation proceedings, or a defective or void dedication, or was in adverse possession, so that the statute of limitations was running in its favor. Here it must be held to be a contract to initiate a trespass, where there is no apparent right or color of right whatever. The allegation in the complaint that the village had ample time after the contract was made to institute condemnation proceedings, and acquire title to this right of way, is not material.

The order appealed from should be reversed. So ordered.

COLLINS and BUCK, JJ., absent, took no part.

(Opinion published 59 N. W. 878.)