N. J. NELSON, Appellant, v. HAMILTON COUNTY, IOWA.

**Counties:** FRAUD OF OFFICER IN SELLING SWAMP LANDS. One who takes a quitclaim deed from officers authorized to sell swamp lands in behalf of the county, relying on their false and fraudulent representations that the land inured to the county under the swamp land acts, and misled by their concealment of the fact that the county had been adjudged not the owner, of which adjudication the county had made no record, may recover the consideration paid to it.

**Quitclaim Deed:** FAILURE OF TITLE. One who doth "grant, bargain and sell, and quitclaim" land by a deed containing no covenant nor warranty of title is not liable thereunder for defect or failure of title.

**Election to Stand on Demurrer.** Where a demurrer to a petition was sustained immediately before adjournment of the term, and an exception was then taken, the court did not abuse its discretion in permitting plaintiff to have till the next term in which to elect whether to plead further or stand on his petition.

*Appeal from Hamilton District Court.*—HON. B. P. BIRDSALL, Judge.

SATURDAY, MAY 15, 1897.

ACTION at law to recover on account of money paid to the defendant for land purchased of it. A demurrer to the petition was sustained, the plaintiff

elected not to plead further, and judgment was rendered for the defendant. The plaintiff appeals.—
*Reversed.*

*Hyatt & Hyatt* for appellant.

*A. N. Boeye* for appellee.

ROBINSON, J.—The petition contains two counts. The first count states that on the second day of May, 1890, the defendant, a duly organized county of this state, acting through its proper officers, claimed to be the owner of a forty acre tract of land described, and sold it to the plaintiff for the sum of two hundred and sixty dollars and ninety-six cents, which was then paid by the plaintiff; that at the same time it executed and delivered to him a deed for the land; that in fact the defendant did not own, and never had, owned the land, nor any interest therein, and had no right to sell or convey it; that the deed did not convey any title to or interest in the land; that whatever title was attempted to be conveyed by the deed has failed; that the real owner of the land has asserted his title to and obtained possession of it, and that by reason of the facts stated the plaintiff has sustained damages in the sum paid for the land, with interest thereon from the date of payment. A copy of the deed is attached to the petition. The second count recites the sale, payment, and delivery of the deed set out in the first count, and states that the defendant, by its proper officers, represented to the plaintiff that it was the owner of the land, and had a good and perfect title thereto; that it had inured to the defendant under the act of congress of September, 1850, known as the "Swamp-Land Grant" and the acts of the general assembly of this state which related thereto, although the land had not been certified to the defendant; that there had not

been any adjudication of its title; and that the plaintiff was induced by the representations so made to purchase the land. The count further states that there had been an adjudication of the title of the defendant by a proper tribunal in an action to which the defendant was a party; that the land was adjudged to be not the property of the defendant, but of the Dubuque & Pacific Railroad Company, and from that adjudication no appeal was taken; that these facts were not made or kept of record by the defendant, and were concealed from the plaintiff; that the title thus conveyed has wholly failed, and the grantee of the railroad company has asserted his title, and taken possession of the land, and that by reason of the facts stated the plaintiff has been damaged in the sum of three hundred and sixty dollars. Judgment on but one of the two counts for the sum last stated is demanded. The grounds of the demurrer are that the deed to the plaintiff was a mere quitclaim deed; that the defendant is not responsible for false and fraudulent representations of its officers; and that no officers of the defendant had any power or authority to warrant the title to real estate, or to make representations in regard to its title.

I. The ruling on the demurrer was made on the last day of the September term, 1894, of the district court, and the plaintiff did not elect to stand on his petition until the first day of the next November term, when judgment was rendered. It is said that the plaintiff should have elected to stand upon his petition at the term at which the ruling on the demurrer was made, in order to have the exception taken to the ruling heard. An exception to the ruling was taken when it was made, and there was no abuse of the discretion of the court in permitting the plaintiff to have until the next term of court in which to elect whether to plead further or not. The ruling was made just before the adjournment of court

for the term, and it does not appear that any demand for an election at that time was made.

II. The deed to plaintiff recites that the officers named in it, for a consideration stated, for and in behalf of the defendant "do hereby grant, bargain, and sell and quitclaim" to the plaintiff the land in question. The deed did not contain any covenants nor warranty of title; therefore there was no liability on the deed for defects or failure of title. *Allen v. Pegram*, 16 Iowa, 172; *Funk v. Cresswell*, 5 Iowa, 84; Rawle, Cov., section 270, note. The first count of the petition is based upon the deed, but does not show any breach of contract, nor fraud in making the sale. So far as it shows the facts, the plaintiff may have known the nature and extent of the title claimed by the defendant, and relied upon his own knowledge in buying it. The count does not state a cause of action, and the demurrer thereto was properly sustained.

III. The second count of the petition does not show clearly that the plaintiff was ignorant of facts with respect to the title claimed by the defendant, nor that he relied upon the representations made to induce him to purchase the land; but no question of his knowledge or good faith in making the purchase is presented by the demurrer, hence will not be treated by us as material. We shall assume that he did not know that the defendant was not the owner of the land, and that he relied upon the representations made in purchasing it.

It has been said that counties "are involuntary political or civil divisions of the state"; that, "considered with respect to their powers, duties and liabilities, they stand low down in the scale or grade of corporate existences," and that incorporated cities and towns are held to a much more extended liability. *Soper v. Henry County*, 26 Iowa, 267.

Nevertheless counties have certain powers given them by statute, and act through agents whose duties are derived from, and to a great extent are prescribed by, the law. As a general rule, when such agents act within the scope of their authority, the county represented is bound by their acts; and in some cases a county may be liable for the negligence of its agents or for their failure to act. By an act of congress, approved September 28, 1850, entitled "An act to enable the state of Arkansas and other states to reclaim the swamp lands within their limits," this state became entitled to all the swamp lands within its limits, which were unsold at the time of the passage of the act. By subsequent acts of the general assembly of this state the right to the swamp lands thus obtained, was transferred to the respective counties in which the land was situated, and each board of supervisors in the state, at the date of the conveyance in question, was authorized to sell and convey the swamp land within its county, under certain restrictions which need not be specified. It was the duty of the board of supervisors of the defendant to know, so far as the fact could be ascertained with reasonable diligence, what land belonged to the county, and also to know the result of litigation to which the county was a party. Therefore, if the board offered to sell the land to the plaintiff, and represented that the defendant owned it, the board was acting within the apparent scope of its powers; and in making the representations of ownership, and in concealing the fact that the county had been adjudged not to own the land, a fraud was perpetrated upon the plaintiff, which deprived him of the money he paid, and the defendant received, and still retains, the beneficial results of the fraud. The plaintiff does not appear to have been at fault in relying upon the statements made by its officers, and the defendant should not be

permitted to defeat a recovery for the money it has received wrongfully, on the ground that its officers exceeded their powers in making false representations. If the acts of its officers were unauthorized, and the plaintiff was blameless, in order to relieve itself of further liability it should have tendered the plaintiff the money it had received. See *Turner v. Cruzen*, 70 Iowa, 202 (30 N. W. Rep. 483). It is said that the records showed whether or not the defendant owned the land, and that the fact that the plaintiff accepted a quitclaim deed shows that he did not rely upon the representations made to him by officers of the defendant.. But we do not think that is a fair inference from the allegations of the second count, which the demurrer admits to be true. They show that the plaintiff, was induced by the representations made by the officers to make the purchase, and that the facts in regard to adjudication of title had not been made of record by the defendant. It is true that the adjudication should have appeared of record somewhere, but whether in a state or federal court is not shown; and, although the land had not been certified as swamp, it does not appear that its character had been determined excepting by the adjudication referred to, and which was concealed from the plaintiff. If it be conceded that a search of the records would have shown that the defendant did not own the land, it would not follow, under the facts shown by the second count, that the defendant would not be liable for the representations of its officers. A further answer to the claim that the plaintiff should have searched the records, and that he did not rely upon the representations made to him, is that it was not in any manner presented by the demurrer. We have treated the case as though the defendant was represented in the transaction in question by its board of supervisors only. The petition states that the

defendant made a part of the representations "by its proper officers," without otherwise designating them, and the fair interpretation of the language used in connection with the statutes which apply to the sale of swamp land is that it referred to the board of supervisors, but, if anything was said or done to effect the sale by any duly authorized person, his representations and acts would be within the rule we have stated. It follows from what we have said that the demurrer, so far as it was directed to the second count of the petition, should have been overruled. The judgment of the district court is therefore REVERSED.