# T. W. HARRISON v. PALO ALTO COUNTY, Appellant.

104 383
105 314
104 383
109 414
104 383
118 619
104 383
f126 104
104 383
d127 423

**Counties:** POWERS: *Deed with warranty.* A county has no authority to execute a deed with covenants of warranty, as no statute confers such power, and it cannot be implied; being neither necessary in order to make such conveyance available, or essential to the purpose of such corporation. Citing *Findla v. San Francisco*, 13 Cal. 534; *Hamilton v. Shelbyville* (Ind. App.) 34 N. E. Rep 1007; *Lang v. Duluth* (Minn.) 59 N. W. Rep. 878.

FRAUD IN SALE BY. Where the grantee in a deed made by a county in settlement of litigation pending between the parties had knowledge respecting the title equal to that possessed by the agents of the county, who concealed nothing from him, and were guilty of no other fraud, the mere failure of the title to the land conveyed did not render the county liable to him as for money had and received.

SAME. An action for fraud will not lie against a county upon failure of title to land deeded by it in compromise of a pending litigation, when no fact was withheld from the record, or any statement made to the grantee, except such as could be inferred from the fact that the land was offered and deeded as part consideration for a compromise.

*Assumpsit.* In the absence of a warranty, or of fraud in inducing the conveyance, the failure of the title will not support an action against the grantee for money had and received.

LIMITATION OF ACTIONS An action for deceit in the sale of land is in tort, and barred in five years after the discovery of the fraud.

REPAIR OF BRIDGES. It being the duty of a county to keep its bridges and the approaches thereto in repair, where sand and gravel were taken from plaintiff's land, with his consent, by direction of the board of supervisors of the defendant county, for the construction and repair of the approach to a county bridge, defendant was liable for the value thereof, as on an implied contract, and not for what it would cost to restore the land from which it was taken to its former condition.

**Appeal:** NOTICE. The fact that a notice of appeal erroneously names the term or fixes the time of hearing, is immaterial.

SAME. The statute respecting notice of appeal (Code 1873, section 3178), does not require that it name the term at which the appeal will be heard; and therefore words so used, though erroneous, do

not affect the validity of the notice, but are to be regarded as sur-
plusage.

OWNER OF CONTINGENT FEE. Attorneys who agree to present a case
upon appeal for a contingent fee, do not thereby become parties
to the action and entitled to service of notice of appeal.

DISMISSAL. *Payment for transcript.* An appeal will not be dismissed
on the ground that the clerk's fees have not been paid and can-
not be waived, when he had performed all the duties required of
him and certified the transcript of the record.

*Assignments.* That no errors are assigned will not require the dis-
missal of an appeal, although the action is at law, when the par-
ties treated it in the lower court, as in equity.

ABSTRACTS. Where it was certified in the abstract that it contained
all the evidence, and appellant filed an amendment covering the
alleged defects, and reaffirming such facts, and appellee also filed
an abstract setting forth some omissions and corrections, the
cause was properly before this court.

REVIEW. The disallowance of a claim for damages, although pre-
sented in the briefs, will not be considered, when the party
injured thereby has not appealed.

*Appeal from Palo Alto District Court.*—HON. W. B.
QUARTON, Judge.

FRIDAY, JANUARY 21, 1898.

ACTION at law to recover damages for failure of
title to certain land deeded by defendant to plaintiff
in settlement of a claim held by him; to recover com-
pensation for earth and gravel taken from plaintiff's
land, and used by the county in building approaches
to its bridges; for trespass upon his land; and for taking
certain lands for use as a public highway without com-
pensation. The case was tried as in equity, resulting in
a judgment for plaintiff in the sum of one thousand, six
hundred and fifty-nine dollars and eighty-five cents.
The court also issued an injunction restraining defend-
ant from committing further trespasses upon plaintiff's
lands, but refused to grant an injunction restraining

the county from using certain land as a highway.  The county alone appeals. —*Modified and affirmed.*

*John Menzies*, county attorney, and *Soper, Allen & Morling* for appellant.

*T. W. Harrison (pro se)*, *McCarty & Linderman*, and *George E. Clarke* for appellee.

DEEMER, C. J.— After the case was tried in the lower court, Soper, Allen & Morling, attorneys, entered into a contract with the county by which they agreed to present the case upon appeal to this court, for a contingent fee.  Appellee insists that, as they had an interest in the outcome of the suit, they should have been served with notice of appeal.  That this firm of attorneys have the case on a contingent fee is conceded, but it does not follow that they should be served with notice of appeal.  The notice is to be served upon the adverse party.  The attorneys are not parties, and, had they been assignees, it was not necessary to serve notice of appeal upon them.  *Littleton Sav. Bank v. Osceola Land Co.*, 76 Iowa, 660.

The case was determined in May, 1896; and the notice of appeal (which was in the usual form), among other things, recited that the appeal would come on for hearing "at the January term of the supreme court,  *  *  *  commencing on the third Tuesday of January, 1896."  This notice is said to be so defective as to amount to no notice.  The law fixes the term at which a cause shall stand for hearing in this court.  Code 1873 sections 3180-3182.  And the fact that the notice does not name the term, or that it erroneously fixes the time of hearing, is of no consequence.  *Geyer v. Douglass*, 85 Iowa, 96; *Mickley v. Tomlinson*, 79 Iowa, 385.  The statute with reference to the notice does not require that it name the term at which the appeal will

be heard. See Code 1873, section 3178. If the notice does so, the words used are to be regarded as surplusage, and do not affect the validity of the notice.

Appellee further contends that the appeal has not been perfected, for the reason that the clerk's fees have not been paid or secured. It appears, however, that the clerk expressly waived this requirement. It is argued, however, that he cannot make such waiver. We think he may. But whether this is true or not the appeal should not be dismissed, for the reason that the clerk has performed all the duties required of him, and has certified the transcript of the record to this court. This is sufficient. See *Fairburn v. Goldsmith*, 56 Iowa, 348; *Searles v. Lux*, 86 Iowa, 61; *Bruner v. Wade*, 85 Iowa, 666; *Slone v. Berlin*, 88 Iowa, 205. See, also, *Simplot v. City of Dubuque*, 49 Iowa, 630.

It is also contended that the appeal should be dismissed because no errors are assigned. The action was undoubtedly at law, but the parties treated it in the lower court as if in equity, and it will be so treated here. *Lemert v. McKibben*, 91 Iowa, 349; *Bryant v. Fink*, 75 Iowa, 518; *Spring Co. v. Smith*, 90 Iowa, 335.

Further claim is made that the abstract on its face, shows that it does not contain all the evidence offered upon the trial. There is a certificate in the abstract that it contains all, and the appellant has filed an amendment covering the alleged defects, and re-affirms the statement made in the original abstract. Appellee has also filed an amended abstract, setting forth some omissions and corrections. With these additions, the case seems to be properly before us. *Seekell v. Norman*, 76 Iowa, 234; *State v. O'Day*, 68 Iowa, 213.

With these preliminaries disposed of, we now come to the merits. It appears that plaintiff was engaged in

protracted litigation with the defendant over certain swamp-land contracts. One of these cases reached this court. See 68 Iowa, 85. While this litigation was pending, a contract of settlement was entered into, which lies at the basis of this controversy. By the terms of the settlement the defendant county was to make a warranty deed to the plaintiff for the lands in dispute, as well as other property—amounting in all to eight hundred and forty acres of land, and one thousand and twenty dollars in money. The lands were all supposed to be swamp lands, but the forty acres in controversy was high, dry land, and the same was never patented to the county. The warranty deed agreed upon was executed, and plaintiff seeks to recover upon the covenants, or because the title has failed, and says that he is entitled to the value of the land, which he claims was agreed to be worth eight hundred dollars at the time the contract of settlement was entered into. He further says that he was defrauded by the county, and "that in giving said deed, and representing that the said Palo Alto county had perfect title thereto, the plaintiff was deceived and defrauded."

It is practically agreed that the county had no title when the conveyance was made, and the first question which arises is, is it liable upon its covenants of warranty? Municipal corporations have and can exercise only such powers as are expressly granted to them by law, and such incidental ones as are necessary to make those powers available, and are essential to effectuate the purposes of the corporation; and those powers are strictly construed. *Becker v. Waterworks*, 79 Iowa, 422; *Webster County v. Taylor*, 19 Iowa, 117; *Baker v. Washington County*, 26 Iowa, 154. Swamp lands passed to the different counties of the state, and section 956 of the Revision provided: "That no swamp or overflowed lands granted to the state, and situated in the present unorganized counties,

shall be sold or disposed of till the title to said lands shall be perfected in the state, whereupon the titles to said lands shall be transferred to said counties where they are situated." After the title to such land was perfected in the state, the county had authority to sell and convey the same. But there is no statute giving it power to execute a deed with convenants of warranty. If it had such authority, it is in virtue of its implied power. Such power is not necessary to make the conveyance available. Nor is it essential to the purposes and objects of the corporation. A conveyance or assurance is good and perfect without either a warranty or a personal covenant. And, as the powers granted to or implied of a municipal corporation are only such as are necessary to make those expressly granted available, it seems quite clear that it has no authority to execute a deed with covenants of warranty. See, as sustaining this conclusion, to some extent, at least, *Carter v. City of Dubuque*, 35 Iowa, 416; *Findla v. City and County of San Francisco*, 13 Cal. 534; *Brockman v. City of Creston*, 79 Iowa, 589; *Stidger v. City of Red Oak*, 64 Iowa, 466; Jones Real Property, sections, 830, 831; *Hamilton v. City of Shelbyville*, 6 Ind. App. 538 (33 N. E. Rep. 1007). Again, the title to the land which the county attempted to convey had not been perfected in the state, and was not in fact swamp, but high, dry land. One of the witnesses says, "It was one of the highest hills in the country." In the case of *Findla v. City and County of San Francisco, supra*, it is held that the town was authorized to make a conveyance of its own land, but was not bound by a conveyance (containing covenants) of a lot belonging to a stranger. See, also, *Sang v. City of Duluth*, 58 Minn. 878 (59 N. W. Rep. 878). We are well satisfied that the defendant had no power or authority to execute a deed with covenants. Appellee insists, however, that, if the county had no such power, yet, as it received the benefits of the

contract, it is liable to him as for money had and received. It seems to be settled that in the absence of a warranty, or of fraud inducing the conveyance, there is no liability of the grantor for failure of title. If the deed be delivered to the purchaser, he has received the entire consideration for which he has bargained, and mere failure of title is not sufficient to support a plea for money had and received. *Nelson v. Hamilton County*, 102 Iowa, 229; *Allen v. Pegram*, 16 Iowa, 172; *Funk v. Creswell*, 5 Iowa, 84; Rawle, Covenants (5th ed.) sections 320, 321. In the *Nelson Case, supra*, we held that under the facts there shown the county was liable for false and fraudulent representations of its agents in the sale of land. It appeared in that case, however, that the county, through its agents, not only made false and fraudulent representations regarding the title, but also withheld from the record the fact that the title claimed by it had theretofore been adjudged invalid. In the case at bar the only allegation in the pleading which indicates that it is an action for fraud or deceit is the statement which we have before quoted, to the effect that in giving the deed the county represented that it had a perfect title to the land, and plaintiff was deceived and defrauded. There is no the record, or that any other statement was made to the record, or that any other statement was made to plaintiff, except such as could be inferred from the fact that the county offered and deeded the land to him as part consideration for the compromise. Does such a pleading sufficiently state a cause of action for fraud? We think not. In the case of *Clark v. City of Des Moines*, 19 Iowa, 199, which was an action upon certain unauthorized warrants issued by the city council of the defendant city, we held that one taking the warrants was bound, at his peril, to ascertain the nature and extent of the power of the officers and of the city, and that a representation by the municipal authorities that

the warrants were properly issued were not binding upon the corporation, for the reason that an agent can neither create nor enlarge his powers by his unauthorized representations. Here there is neither pleading nor proof that the defendant, or any of its agents, knew that they had no title to the land, nor that they had any other or better knowledge with reference thereto than the plaintiff. Moreover, it affirmatively appears that plaintiff knew when he took the conveyance that the land had not been patented or certified to the state, and he also knew the situation and character of the land. His knowledge was equal to that of the defendant, and nothing was concealed from him by the agents of the county. It must be remembered that the plaintiff took the lands in settlement of litigation then pending between the parties, and that he is in no other sense a purchaser. True it is that the land was valued at eight hundred dollars in this settlement, but that fact alone amounts to nothing more than an estimate of the amount received by the plaintiff in the settlement of his disputed claim. Possibly it might fix the measure of recovery in the event plaintiff was found entitled to anything. But this we do not decide, as it is not necessary to a determination of the case. We are well satisfied the plaintiff is not entitled to recover because of failure of title to the lands. If recovery were allowed, it would be for deceit in the sale of the land; and, as this would be for a tort, the cause of action would be barred in five years after the discovery of the fraud. The statute began to run, according to plaintiff's evidence, sometime in the year 1888. He did not commence this action until the year 1895, and it is clearly barred, in so far as it is based upon fraud.

II.   The trial court disallowed plaintiff's claim of damages for the use of certain of his lands for highway purposes, and, as he has not appealed, we cannot consider this question, although presented in the briefs.

III.   There remains the question as to the liability of defendant for the sand and gravel used by it in the repair of a highway which it is claimed was used and treated as an approach to one of the county bridges, or, if not so used, that the county undertook to keep this highway in repair, and is liable for the sand and gravel taken for that purpose. It is the duty of the county to keep its bridges and the approaches thereto in repair, and it may, under certain circumstances, make improvements on the highways out of the surplus in the bridge fund, or from taxes levied for that purpose. Acts Eighteenth General Assembly, chapter 88, section 1; Acts Twentieth General Assembly, chapter 200. The highway upon which the sand and gravel was used was not repaired under the provisions of either of these acts of the general assembly, as we understand it; and the county is not liable for the acts of its agents in taking and using the property of plaintiff, unless it was used in repairing the approach to a county bridge. What is such an approach is purely a question of fact. We are of opinion that the sand and gravel taken was used upon a part of the highway which should be held to be an approach to a county bridge, under the rule established in *Casey v. Tama County*, 75 Iowa, 655; *Van Winter v. Henry County*, 61 Iowa, 684, and *Jessup v. Osceola County*, 92 Iowa, 178. The evidence shows that the county built the grade where the material was used in order to make the bridge available and accessible, and has ever since kept the same in repair. The sand and gravel were taken  by direction of the board of supervisors, and the county should be held liable therefor if

it could have made a contract for the same in the first instance. That the board could have made a contract for material to be used in constructing an approach to one of its county bridges, is clear. And we think there is no question that it is liable for the sand and gravel taken; amounting, as near as we are able to judge, to six hundred yards. This amount was taken after plaintiff acquired title to the land. We come next to the amount that plaintiff should be allowed. Reference has already been made to the fact that recovery is allowed upon the theory of an implied contract, and not because of a trespass committed by the defendant; and we may remark, parenthetically, that it is doubtful whether the action of trespass would lie. But, as plaintiff is not obliged to prove more than is necessary to entitle him to recovery, the allegations with reference to trespass may be regarded as surplusage. See Code 1873, section 2729. We may observe, in passing, that the material was taken with plaintiff's consent. Moreover, the plaintiff, in the third count of his petition, asks judgment for the value of the sand and gravel taken. What, then, is the measure of his recovery? The liability being upon contract, it is clear that it is the value of the material taken, and not what it would cost to place the land from which it was removed in the condition it was in before the sand and gravel was taken. The evidence shows it to have been worth from twenty-five to forty cents a yard, but, as plaintiff claimed but twenty-five cents in his petition, his recovery must be limited to that amount. Under the pleadings and proof, plaintiff is entitled to judgment for the sum of one hundred and fifty dollars, with six per cent. interest thereon from May 29, 1895,—amounting in all to one hundred and sixty-five dollars,—and no more. Appellant will pay one-fourth, and apellee three-fourths, of the costs of this appeal. At appellant's option, exercised within twenty days from the filing of

this opinion, a judgment and decree may be entered in this court. If no such election is made, the cause will be remanded for a decree in harmony with this opinion. —Modified and affirmed.