### CHARLES E. SANDEEN v. COUNTY OF RAMSEY.[1]

January 21, 1910.

Nos. 16,301—(47).

**Powers of County Officers — Unauthorized Contracts.**

Persons dealing with a municipal corporation are bound to know the extent of its powers, and cannot hold it liable for a false representation of its officers concerning matters not within its powers, or for the breach of contracts they have no authority to make on its behalf.

Action in the district court for Ramsey county to recover $1,165 damages for obstructing and hindering the work of grading a certain highway, done under contract with defendant, and $100, the unpaid balance due on the contract. The material allegations of the complaint are stated in the third paragraph of the opinion. The amended answer alleged that defendant had no power or right to enter into the contract, or make any representation in reference to the railway company whose tracks were crossed by the highway graded, and that it was ultra vires and void. The facts are stated in the opinion. The case was tried before Brill, J., who directed a verdict in favor of plaintiff for $48, it being stipulated by the parties that the work was not entirely completed and $52 would be the reasonable value of finishing the work. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Lightner & Young,* for appellant.

*Richard D. O'Brien* and *Patrick J. Ryan,* for respondent.

[1]Reported in 124 N. W. 243.

BROWN, J.

Action to recover an unpaid balance due upon a contract for grading a certain highway in the county of Ramsey, and for damages for delay and obstruction in the performance of the work, caused by the alleged failure of defendant to carry out and perform its part of the contract. The trial court instructed a verdict for plaintiff for the amount due under the contract, but denied a recovery of damages. Plaintiff moved for a new trial, and appealed from an order denying it.

The improvement in question was designed to lower the grade of Rice street, a county road, as it extends across the right of way of the St. Paul, Minneapolis & Sault Ste. Marie Railway Company, and for the purpose of avoiding the dangers incident to a grade crossing. Preliminary to letting the contract, the board of county commissioners caused to be prepared plans and specifications, upon which bids were invited. The specifications contained the following, among other provisions: "A part of the grading will be under the tracks of the Soo Ry., who will put in a bridge and care for the tracks while the grading is in progress." Relying upon this representation, plaintiff bid for the work, and the contract was duly awarded to him. He commenced its performance, but was delayed when he reached the railroad right of way by reason of an injunction, issued at the suit of the railway company, which forbade him to grade under or adjacent to its tracks. Plaintiff was required by the terms of the contract to complete the work on or before September, 1904, but by reason of the interference of the railway company with its injunction suit he was prevented from doing so, and did not complete it until some time in December of the same year. For the delay thus caused he seeks damages against the county.

The complaint alleges that defendant represented to plaintiff, and other bidders for the work, that the railway company would put in a bridge and care for its tracks during the time the grading was in progress on its right of way. This alleged representation is found in the clause of the specifications above quoted. The complaint also alleges that the representation was false and untrue, and that defendant at the time of making the same knew it to be false, and, further, that defendant hindered and obstructed plaintiff in the per-

formance of his contract, in that it did not, and was unable to, allow him to enter upon, excavate or grade the street at its crossing with the railroad. The trial court construed the complaint as alleging that the parties entered into an agreement, the provisions of which imposed upon defendant an obligation it was not authorized to assume and was unable to perform, and that it was therefore ultra vires and void.

Counsel for plaintiff insist that the court was in error, and that, properly construed, "the complaint means that the county had either allowed itself to remain or had placed itself in a position where it had no right to do the grading at the crossing at the time when plaintiff was ready and was required by his contract to do it." And they insist that the sole question presented is plaintiff's right to recover damages because of the delay caused by the undisputed falsity of the representation that the railroad company would care for the tracks during the progress of the grading.

We are of opinion that the learned trial court properly construed the complaint and correctly disposed of the case.. Plaintiff's action does not proceed upon the theory that defendant undertook and agreed to do some act or thing to facilitate the performance of the contract, or undertook to enter into some other contract or agreement with the railway company in reference to grading across its right of way; but, on the contrary, it proceeds upon the theory that defendant falsely represented that the railway company would do certain things, which the county did not, and was unable to, compel it to do. The contract must be construed under the allegations of the complaint, and interpreted in the light of facts existing at the time it was entered into, and not in the light of subsequent events. If, at the time the contract was made, the county was unable for any reason to compel the railway company to take care of its tracks during the progress of the grading, it was necessarily beyond the authority of the county, and ultra vires and void. But if by a liberal construction the complaint may be taken as alleging, not a false representation that the railway company would do the thing stated, but that defendant undertook to make all necessary arrangements for crossing the right of way, the further allegation that the county was

unable to make such arrangements clearly defeats plaintiff's right of action. As already stated, if defendant was unable to perform in this respect, it necessarily must have been for lack of authority, and, if it had no authority to so undertake and agree, the representation was beyond the power of the county and void.

Just why defendant was unable to arrange with the railway company, or to compel it to permit the grading, does not appear. The court below excluded the evidence. But there was no error in this, for we are bound to assume that, had it been received, it would have sustained the theory of the complaint, and emphasized the allegations thereof to the effect that the county was unable to perform this part of the contract. Whether the highway was ever legally laid out over and across the right of way is left to inference. There is no evidence on the subject. The complaint simply alleges that the highway was a county road, opened and used for public travel. But, conceding that the highway had been legally laid across the railroad right of way, the matter of changing the grade at the crossing was wholly within the power of the county, and its board of commissioners could lawfully have required the railroad company to do all things necessary to effect the change. State v. St. Paul, M. & M. Ry. Co., 98 Minn. 380, 108 N. W. 261, 120 Am. St. 581. The complaint, however, does not allege a default in this respect, but only that the representation referred to was false, and defendant was unable to comply with it. The case comes clearly within the rule of Sang v. Duluth City, 58 Minn. 81, 59 N. W. 878. The case of Bell v. Kirkland, 102 Minn. 213, 113 N. W. 271, 13 L. R. A. (N. S.) 793, 120 Am. St. 621, is not in point.

It is elementary that persons dealing with officers of a municipal corporation are bound to know the extent of the power and authority of the corporation, and cannot hold it liable for false representations of the officers of matters not within its power, or for the breach of a contract the officers had no power or authority to enter into on its behalf.

Order affirmed.